OPINION
{¶ 1} Defendant, Victor Youngblood, appeals from his conviction and sentence for felonious assault and tampering with evidence.
 {¶ 2} Defendant was indicted on one count of attempted murder, R.C. 2923.02(A) and 2903.02(A), two counts of felonious assault, R.C. 2903.11(A)(1) and (A)(2), one count of having weapons while under a disability, R.C. 2923.13(A)(2), and one count of tampering with evidence, R.C. 2921.12(A)(1).
 {¶ 3} At his arraignment on May 9, 2005, Defendant was represented by court-appointed counsel, but he requested that he be allowed to represent himself. On May 12, 2005, Defendant's appointed counsel withdrew and Defendant then represented himself at all subsequent court proceedings in accordance with his expressed desire, which he repeated at various court proceedings.
 {¶ 4} On July 19, 2005, just before trial commenced, Defendant signed a written waiver of counsel which acknowledged his right to be represented by counsel and his desire to waive that right and represent himself. The waiver form did not contain any information regarding the nature of the charges against him, the statutory offenses they included, the range of allowable punishments, possible defenses to the charges or circumstances in mitigation thereof, or any warning about the risks of self-representation. Neither did the trial court discuss these matters with Defendant.
 {¶ 5} Defendant was found guilty following a jury trial of felonious assault and an accompanying firearm specification, count two, as well as tampering with evidence, count five. Defendant was found not guilty of felonious assault as charged in count three. The having weapons while under disability charge was dismissed by the State at trial, and the jury was unable to reach a unanimous verdict on the attempted murder charge.
 {¶ 6} The trial court sentenced Defendant to consecutive prison terms of eight years for felonious assault and five years for tampering with evidence, plus an additional and consecutive three years on the firearm specification, for a total aggregate sentence of sixteen years. Defendant timely appealed to this court from his conviction and sentence.
 {¶ 7} The Clark County Prosecutor's Office did not file a brief in this appeal, and therefore is not actively defending the conviction obtained in the trial court. In accordance with App.R. 18(C), in determining this appeal we will accept Defendant's statement of facts and issues as correct, and will reverse the judgment if Defendant's brief reasonably appears to sustain such action.
FIRST ASSIGNMENT OF ERROR
 {¶ 8} "THE COURT ERRED AND DEPRIVED DEFENDANT/APPELLANT VICTOR YOUNGBLOOD OF HIS RIGHT TO COUNSEL UNDER THE SIXTH ANDFOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AS THE COURT FAILED TO ENSURE THAT MR. YOUNGBOOOD HAD MADE A VOLUNTARY, KNOWING, AND INTELLIGENT WAIVER OF HIS RIGHT TO COUNSEL, AND A KNOWING AND INTELLIGENT DECISION TO REPRESENT HIMSELF."
 {¶ 9} Defendant argues that the trial court did not make a sufficient inquiry to determine whether he fully understood and intelligently relinquished his right to counsel, and therefore his waiver of his right to counsel is invalid. We agree.
 {¶ 10} The Sixth Amendment guarantees a defendant in a state criminal trial an independent constitutional right of self-representation, and that he may proceed to defend himself without counsel when he voluntarily, knowingly, and intelligently elects to do so. State v. Gibson (1976), 45 Ohio St.2d 366;Faretta v. California (1975), 422 U.S. 806, 95 S.Ct. 2525,45 L.Ed.2d 562. In order to establish an effective waiver of the right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right. Gibson, at syllabus.
 {¶ 11} In Von Moltke v. Gillies (1948), 332 U.S. 708,68 S.Ct. 316, 92 L.Ed.309, the United States Supreme Court discussed waiving the right to counsel and the serious and weighty responsibility upon the trial court to determine whether there is an intelligent and competent waiver by the accused. The Court stated:
 {¶ 12} "To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. * * *" Id., at 723.
 {¶ 13} Crim.R. 44 governs the procedure for waiver of counsel in serious offense cases and requires that the waiver be knowing, intelligent, and voluntary. The waiver shall be in open court, and the advice and waiver shall be recorded. Crim.R. 44(C). In serious offense cases, the waiver shall be in writing. Id.
 {¶ 14} In State v. Martin, 103 Ohio St.3d 385,2004-Ohio-5471, the Ohio Supreme Court, in deciding what constitutes a sufficient waiver of the accused's right to counsel under the Sixth Amendment and Article I, Section 10 of the Ohio Constitution, reaffirmed its previous holding in Gibson, and held in the syllabus that when in serious offense cases a Defendant elects to proceed pro se, the trial court must demonstrate substantial compliance with Crim.R. 44 by making a sufficient inquiry to determine whether defendant fully understood and intelligently relinquished his or her right to counsel. Citing Gibson, which quotes from Von Moltke, the Supreme Court held.
 {¶ 15} "To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." Id. At ¶ 40.
 {¶ 16} In this appeal we must determine whether the trial court made a sufficient inquiry to determine that defendant fully understood and intelligently relinquished his right to counsel and adequately warned Defendant of the perils of self-representation. Martin, supra. A careful review of this record reveals that at times during the arraignment and the subsequent pretrial conferences, the trial court cautioned Defendant that "the problem is if you're representing yourself, you're not going to have anyone to turn to," (T. 5/9/05, at 9) and "a lot of times it's to your benefit if you have an attorney representing you." Id. The court also told Defendant, "if you're ineffective at trial, that's your own fault," (T. 7/11/05, at 14), and "if you conduct a poor cross-examination on State's witnesses, that's your fault, not mine." (T. 7/11/05, at 14-15). Additionally, the court pointed out to Defendant that it was not the court's responsibility to give Defendant legal advice, and that Defendant could not learn how to be a lawyer in just a few days by spending some time in the law library. (T. 7/11/05, at 15). Just before trial commenced, when Defendant complained that his witnesses were not present and that he did not understand that he had to subpoena his witnesses rather than merely submit a witness list, the trial court responded: "and therein lies the problem with representing yourself." (Trial T. at 10). On the day of trial, Defendant was presented a written waiver form by the court and told: "You need to sign that form . . . Right now. We have a jury waiting." (T. 17-18).
 {¶ 17} At no time did the trial court explain or discuss with Defendant the nature of the charges, the statutory offenses included within them, the range of allowable punishments, possible defenses to the charges, possible mitigating circumstances, or other facts essential to a broad understanding of the whole matter, as required by Von Moltke, Gibson, andMartin.
 {¶ 18} Defendant was not given adequate warnings about the seriousness of the trial, the possible results it could have for his liberty and life, and the dangers and disadvantages of self-representation, so that the record establishes that he knew what he was doing and that his choice was made with eyes open.Martin, supra, at ¶ 44.
 {¶ 19} The trial court failed to make a sufficient inquiry to determine whether Defendant fully understood and intelligently relinquished his right to counsel. The court's admonitions to Defendant concerning self-representation, unlike those inGibson, supra, do not comply with Von Moltke, supra. And, Defendant's waiver was not put in writing when it was accepted, but was executed by Defendant only after the prejudicial effects of his self-representation had occurred. Therefore, we find that Defendant did not knowingly and intelligently waive his right to counsel.
 {¶ 20} The first assignment of error is sustained. The judgment of the trial court will be reversed and the case remanded for a new trial consistent with this opinion.
SECOND ASSIGNMENT OF ERROR
 {¶ 21} "THE COURT ABUSED ITS DISCRETION IN SENTENCING MR. YOUNGBLOOD TO MAXIMUM AND CONSECUTIVE SENTENCES AS MR. YOUNGBLOOD, APPEARING PRO SE, WAS DROWSY, CONFUSED, AND ON SLEEPING AND OTHER MEDICATIONS AT THE TIME OF SENTENCING AND WAS THEREFORE DEPRIVED OF HIS RIGHT OF ALLOCUTION."
THIRD ASSIGNMENT OF ERROR
 {¶ 22} "THE COURT ABUSED ITS DISCRETION IN HANDING DOWN MAXIMUM AND CONSECUTIVE SENTENCES AS THE FINDINGS SUPPORTING THE SENTENCES ARE NOT SUPPORTED IN THE RECORD."
 {¶ 23} These assignments of error, challenging the validity of Defendant's sentence, are rendered moot by our disposition of the first assignment of error. Accordingly, we decline to address them. App.R. 12(A)(1)(c).
Brogan, J. And Wolff, J., concur.