**[Cite as *State v. Lewis*, 2017-Ohio-9311.]**

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-19 |
| | : | |
| v. | : | Trial Court Case No. 2016-363 |
| | : | |
| JADA LEWIS | : | (Juvenile Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of December, 2017.

. . . . . . . . . .

ANDREW PICKERING, Atty. Reg. No. 0068770, Clark County Prosecutor's Office, Appellate Division,  50 East Columbia Street, 4th Floor, Springfield, Ohio 45501
    Attorney for Plaintiff-Appellee

PATRICK CLARK, Atty. Reg. No. 0094087, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, P.J.

{¶ 1} Jada Lewis appeals from her conviction and sentence on a first-degree misdemeanor charge of contributing to the delinquency of a minor.

{¶ 2} Lewis advances two assignments of error. First, she contends the trial court improperly imposed a sentence of confinement without first inquiring and determining whether she knowingly, intelligently, and voluntarily waived her right to counsel and asserted her right to self-representation. Second, she challenges the legal sufficiency of the evidence to sustain her conviction

{¶ 3} The record reflects that a complaint was filed against Lewis alleging that she had violated R.C. 2919.24 by acting in a way that tended to cause her fifth-grade son to become delinquent based on habitual truancy. The complaint alleged that the child had 20 unexcused absences between August 19, 2015 and April 5, 2016. (Doc. #1). Lewis appeared pro se for her arraignment and other pretrial proceedings. She also appeared pro se for her May 25, 2016 trial before a magistrate. Noting that she previously had been advised of her right to counsel, the magistrate deemed her to have waived that right by appearing pro se. (Trial Tr. at 5-6).

{¶ 4} The State's sole witness at trial was Razelle Beloff, the school secretary responsible for attendance records. Beloff testified about Lewis' son's numerous absences, which were unexcused under school policy, primarily because the child did not present a parent's note or a doctor's note upon returning to school. Lewis cross examined Beloff and attempted to establish that many of the absences should be excused based on new documentation and information Lewis provided shortly before trial and during trial. Lewis then presented her own defense, calling school attendance officer Terry Stephens

as a witness. Stephens testified about efforts he made to address the child's absences, including a home visit. Finally, Lewis testified and explained that she had kept her son out of school due to sickness or bad weather. She acknowledged not calling the school or sending a note for each absence. She also acknowledged that she had relied on her "absent-minded" son to deliver excuse notes to the school upon his return.

**{¶ 5}** The magistrate found Lewis guilty of contributing to the delinquency of a minor. The magistrate's ruling included the following factual findings and reasoning:

**THIS CO[U]RT FURTHER FINDS** the following relevant facts from the evidence and testimony presented:

The defendant testified generally that she sent notes or doctor's excuses with the child on most days that he was absent. She further testified that she knew the child was absent-minded, and that there were days that she could not recall sending in a note with the child.

Ms. Beloff testified that she did not receive any excuses regarding the child's full days absences until May 20, 2016, the figurative eve of this trial. At that time, the defendant submitted to the school parent notes attempting to excuse absences as far back as August 28, 2015, a parent note for a weather absence on January 13, 2016 and a slew of documentation from doctors for the child, his sister and herself, all of which were admitted as evidence in this action as Defendant's Exhibits A-U. Upon receiving the notes and documentation from the defendant, Ms. Beloff changed the record to reflect the absences that would have been excused by the notes.

The Springfield City School District *** Elementary Parent-Student Handbook was introduced as Defendant's Exhibit B. Under the "Absence" section, Step 2 states as follows:

Upon returning [to] school, the student must have a written note signed by the parent or guardian. This note should include the following information: child's name, current date, and day of absence, and the reason for the absence. This should be submitted to the child's teacher. Without a written notice the absence will be considered unexcused.

THE COURT FURTHER FINDS that Ohio Revised Code section 2919.24(A)(1) states no person, including a parent, guardian, or other custodian of a child, shall aid, abet, induce, cause, encourage, or contribute to a child or a ward of the juvenile court becoming an unruly child, as defined in ORC section 2151.022. Ohio Revised Code section 2151.022 indicates that an "unruly child" includes any child who is a habitual truant from school and who previously has not been adjudicated an unruly child for being a habitual truant. Ohio Revised Code section 2151.011(A)(19) defines a habitual truant as any child of compulsory school age who is absent without legitimate excuse for absence from the public school the child is supposed to attend for five or more consecutive school days, seven or more school days in one school month, or twelve or more school days in a school year. Ohio Revised Code section 3321.01 indicates that a child between six and eighteen years of age is of compulsory school age.

The Court finds that the complaint states all the essential elements of the offense, and therefore the Court has subject matter jurisdiction in this matter.

The Court finds from credible evidence and beyond a reasonable doubt that the child has been habitually truant from *** Elementary School in the Springfield City School District by missing twelve or more school days unexcused during the 2015-2016 school year. Furthermore, the defendant aided, abetted, induced, caused, encouraged or contributed to the child becoming an unruly child. Specifically, the Court is not convinced that the defendant faithfully sen[t] notes in with the youth for every absence he incurred. Even if she did, she knew she was sending them with an 11 year old child who she herself described as absent minded.

It is true that the defendant did belatedly attempt to clear the child's absences, and probably went through great effort to do so. But following the school's policy as written in the handbook introduced by the defendant, notes have to be submitted upon the child's return and not almost eight months later. * * *

Given the above the Court finds that the State of Ohio has proved the complaint in this case beyond a reasonable doubt and finds Jada Lewis guilty of the offense of contributing to the delinquency of a minor beyond a reasonable doubt.

(Doc. # 10 at 2-3).

{¶ 6} Lewis filed pro se objections to the magistrate's decision. She argued that no

time limit should be placed on providing documentation for a child's absences and that many of her son's absences should be excused. She also argued that attendance officer Stephens never contacted her, that secretary Beloff had altered the record, that Beloff admitted not being perfect and being capable of making mistakes, that Stephens had a history of filing "uninvestigated" claims against her, that Stephens and Beloff engaged in communication between themselves during trial, and that the complaint against her was defective. (Doc. #12).

{¶ 7} The trial court overruled Lewis' objections in the course of approving and adopting the magistrate's decision. (Doc. # 20). With regard to the child's absences, the trial court reasoned:

> THE COURT FURTHER FINDS that as to the allegation that the child of the defendant did or did not return to school with proper notification or written excuse the Court thinks that is putting the cart before the horse. Initially, this Court must determine if the child missed school during the 2015-2016 school year. The magistrate found that it was undisputed that the youth missed 19 days of school and nothing in the record or the defendant's argument or paperwork convinces the Court that the child did not miss school.

> THE COURT FURTHER FINDS that it is incumbent upon the Court to determine if legal excuse was provided to the school as required by the policy of the Springfield City School or the laws of the State of Ohio. Springfield City School policy provides that notification of the cause for absence and/or an excuse shall be by written notice signed by a parent or

guardian upon returning from school.

THE COURT FURTHER FINDS that the Court can and does reasonably construe the policy to provide that the written excuse for absence must be provided when the child returns to school from the absence. The record does not indicate in any way that the defendant timely or accurately provided the written note signed by parent or guardian which indicated the reason for the absence to the school at the same time the child returned from his absence.

THE COURT FURTHER FINDS that the defendant did not comply with the requirement to provide written notice at the time the child returned to school, and in some instances only did so many months after the absences were incurred.

* * *

THE COURT FURTHER FINDS that it is abundantly clear to the Court that the defendant received notice repeatedly about the absences of her child. The defendant was reasonably advised of the consequences of her failure to get her child to school on time as required by law. Finally, the weight to be given to each witness and the determination of credibility is best left to the trial court. In the absence of a finding that a witness was not credible, the Court does conclude that all witnesses that testified offered some credible testimony and evidence.

THE COURT FURTHER FINDS that the objections raised by the defendant in her motion to appeal the magistrate's decision are not well-

taken. The magistrate concluded that the defendant's child missed school without proper excuse and that the defendant aided, abided [sic], abused or caused that to happen. There is nothing in the record that would cause the Court to deviate from that finding and conclusion.

(*Id.* at 1-3).

{¶ 8} Lewis was sentenced to 180 days in jail with 120 days suspended and the remainder to be served in 20-day increments. She also was ordered to pay a $25 fine plus court costs and was placed on probation for one year.[1] (Doc. #21). The trial court stayed execution of her sentence pending appeal. (Doc. #30).

{¶ 9} In her first assignment of error, Lewis contends the trial court erred in imposing a sentence that included confinement without inquiring and determining whether she knowingly, intelligently, and voluntarily waived her right to counsel and asserted her right to self-representation. She argues that it was not enough for the magistrate generally to inform her of her right to counsel, to refer her to the public defender's officer, and then to deem her to have waived counsel when she appeared for trial without representation. Lewis maintains that the proper remedy is to vacate her jail sentence. For its part, the State concedes error, agreeing that the procedure in the present case was inadequate and that the proper remedy is to vacate Lewis' 180-day jail sentence.

{¶ 10} We concur in the parties' assessment that merely advising Lewis about her

---

[1] We recognize the dissent's view that an appealable "judgment" must be a separate document from the magistrate's decision and that, under Civ.R. 54(A), it may not "contain the magistrate's decision." *See infra* at ¶ 29. Here the magistrate filed a detailed decision imposing sentence. On the same piece of paper, but under a separate signature line, the trial court adopted the magistrate's decision as its own judgment entry. We believe the trial court adequately entered a judgment in this case, within the meaning of Juv.R. 40(D)(4)(e), notwithstanding the fact that it did so on the same piece of paper.

right to legal representation, either through retained or appointed counsel, was insufficient. *See*, *e.g.*, *State v. Owens*, 2d Dist. Montgomery No. 23150, 2010-Ohio-564, ¶ 16-29. Absent a proper inquiry into Lewis' ability to retain counsel, waiver of her right to counsel, and invocation of her right to represent herself, the confinement portion of her sentence must be vacated. *Id.* This includes the suspended 120-day jail term and the 60-day term that Lewis was ordered to serve. *Id.* at ¶ 30. Her conviction remains valid, however, as does the non-jail portion of her sentence. *Id.* The first assignment of error is sustained.

{¶ 11} In her second assignment of error, Lewis challenges the legal sufficiency of the evidence to sustain her conviction. Specifically, she contends the State presented insufficient evidence to prove that she "was reckless in her failure to provide *** Elementary School with excuses for [her son's] absences."

{¶ 12} The applicable statute, former R.C. 2919.24, provided as follows at the time of Lewis' offense[2]:

(A) No person, including a parent, guardian, or other custodian of a child, shall do any of the following:

(1) Aid, abet, induce, cause, encourage, or contribute to a child * * * becoming an unruly child, as defined in section 2151.022 of the Revised Code, or a delinquent child, as defined in section 2152.02 of the Revised Code.

(2) Act in a way tending to cause a child * * * to become an unruly child, as defined in section 2151.022 of the Revised Code, or a delinquent child, as

---

[2] We note that the statutory language was rearranged effective April 6, 2017.

defined in section 2152.02 of the Revised Code.

{¶ 13} At the outset of our analysis, we note seeming inconsistencies between the complaint, the evidence presented, and the magistrate's and trial court's finding of guilt. The complaint charged Lewis with *acting in a way tending to cause* her child to become a *delinquent* child, even though R.C. 2919.24(A)(2) prohibits acting in a way tending to cause her child to become either an unruly child or a delinquent child. The magistrate's decision, however, discusses *aiding, abetting, inducing, causing, encouraging* or *contributing* to her child becoming an *unruly child* based on habitual truancy, which would be a violation of R.C. 2919.24(A)(1), which prohibits aiding and abetting a child to become either an unruly or delinquent child.

{¶ 14} Citing former R.C. 2151.022, which was in effect at the time of Lewis' offense,[3] the magistrate noted that an "unruly child" includes "[a]ny child who is an habitual truant from school and who previously has not been adjudicated an unruly child for being an habitual truant." (Doc. #10 at 2). The magistrate also noted that a "habitual truant" includes any child who misses a proscribed number of school days over a particular period of time. *See* former R.C. 2151.011(B)(19) and current R.C. 2151.011(B)(18).[4] The magistrate then concluded that Lewis' child (who previously had not been adjudicated unruly based on truancy) was a habitual truant because he missed

---

[3] We note that R.C. 2151.022 also was amended and modified effective April 6, 2017.

[4] As relevant here, the statute defined a "habitual truant" to include a child who is absent "without legitimate excuse" for 12 or more school days in a school year. This statute too was modified effective April 6, 2017. A "legitimate excuse" includes an excuse that meets the requirements of rules established by a local school district board of education. *See* R.C. 3321.04(C) as well as former R.C. 2151.011(B)(23) and current R.C. 2151.011(B)(22).

more than 12 days of school without excuse, and that Lewis "*aided, abetted, induced, caused, encouraged, or contributed* to the child becoming an *unruly child*." (Doc. #10 at 3). Based on that finding, the magistrate declared Lewis "guilty of the offense of contributing to the *delinquency* of a minor beyond a reasonable doubt." (*Id.*). As set forth above, the trial court approved and adopted the magistrate's ruling. (Doc. # 20 at 3).

{¶ 15} The magistrate's finding that Lewis' child missed more than 12 days of school, and therefore was a habitual truant, likely would support a conviction for either *aiding, abetting, inducing, causing, encouraging or contributing* to him becoming an *unruly child* in violation of R.C. 2919.24(A)(1) or for *acting in a way tending to cause* him to become an *unruly child* in violation of R.C. 2919.24(A)(2). As set forth above, however, the box checked on the charging instrument referred to *acting in a way tending to cause* her son to become a *delinquent child*, not an unruly child.[5]

{¶ 16} The fact that the child had more than 12 unexcused absences and was a habitual truant did not necessarily establish that Lewis acted in a way tending to cause him to become a *delinquent* child. Although, an unruliness adjudication based on truancy establishes the predicate for *acting in a way tending to cause* the child to become

---

[5] In *State v. Gans*, 168 Ohio St. 174, 151 N.E.2d 709 (1958), the Ohio Supreme Court explained the difference between *aiding, abetting, inducing, causing, encouraging or contributing* to unruliness or delinquency and *acting in a way tending to cause* unruliness or delinquency. When the State proceeds under the aiding-and-abetting clause, it must prove that the child actually was unruly or delinquent. No such showing is required when the State proceeds under the acting-in-a-way-tending-to-cause language. "It is apparent that the purpose of that clause is to prevent a delinquency [or unruliness] before it occurs rather than to await such delinquency [or unruliness] and then punish the adult offender. The purpose of the clause is to avoid the undesirable result which might arise if an adult is permitted to pursue a course of conduct which tends to cause a child to become a delinquent [or unruly]." *Id.* at 175-176.

*delinquent* because of the prior adjudication of the child as *unruly* based on habitual truancy. Former R.C. 2152.02(F)(2) and (4), which were in effect at the time of Lewis' offense, defined a "delinquent child" to include "[a]ny child who violates any lawful order of the court made under this chapter" and "[a]ny child who is a habitual truant and who previously has been adjudicated an unruly child for being a habitual truant."[6] In other words, the child gets one unruly adjudication for truancy before the offense is elevated to a delinquency charge. The State presented no evidence that Lewis' child was subject to any existing court order regarding school attendance or that he previously had been adjudicated unruly based on habitual truancy.

{¶ 17} We observe, however, that whether Lewis could have *acted in a way tending to cause* her son to become a *delinquent* child, as she was charged, or whether she could have *aided, abetted, induced, caused, encouraged, or contributed* to the child actually becoming a *delinquent child* by acting in a way or aiding her child to be an unruly child, is not a question we need to resolve. Lewis has not challenged her conviction on the basis that her son's absences might support a conviction under R.C. 2919.24(A)(1) or (2) based on *unruliness* but her challenge is whether her actions aided or caused *delinquency*.[7] Her assigned error is quite narrow. She does not address the

---

[6] Effective April 6, 2017, the statute defines a "delinquent child" in the present context to include "a child who violates a court order regarding the child's prior adjudication as an unruly child for being an habitual truant." R.C. 2152.02(E)(2).

[7] Although we may notice plain error that was not raised below, any non-jurisdictional error still must be raised by a party on appeal before we properly may correct it. Significantly, the inconsistency we have observed could have been raised in the trial court but it was not. Had the issue been raised in a timely manner, the State could have requested amendment of the complaint which likely would have been permitted given the alternative nature of R.C. 2919.24(A)(1) and (2) where aiding, or causing, either unruliness, or delinquency would suffice. In these circumstances we elect not to conclude

unruliness/delinquency discrepancy. She challenges only the legal sufficiency of the evidence to establish that she recklessly failed to provide her son's school with timely written excuses for his absences. On this issue, we find her assignment of error to be unpersuasive.

{¶ 18} Lewis correctly notes that a conviction under R.C. 2919.24 requires proof of recklessness. *State v. Moody*, 104 Ohio St.3d 244, 2004-Ohio-6395, 819 N.E.2d 268. "A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C). Here Lewis argues that she acted at most negligently, not recklessly, in failing to provide the school with timely written excuses. As set forth above, Lewis raises this argument in the context of a challenge to the legal sufficiency of the evidence.

{¶ 19} When a defendant challenges the sufficiency of the evidence, she is arguing that the State presented inadequate evidence on an element of the offense to sustain the verdict as a matter of law. *State v. Hawn*, 138 Ohio App.3d 449, 471, 741 N.E.2d 594 (2d Dist. 2000). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

---

this is plain error or one we should notice sua sponte.

{¶ 20} With the foregoing standards in mind, we find legally sufficient evidence to support a determination that Lewis recklessly failed to provide her son's school with timely written excuses for his absences. In arguing to the contrary, Lewis reasons as follows:

* * * State's Exhibit 1 and Ms. Beloff's testimony establish that *** Elementary School determined the absences to be unexcused in accordance with school policy. However, this alone would only establish culpability if Ms. Lewis were strictly liable under the statute for [her son's] pattern of unexcused absences. The State is required not only to prove that Ms. Lewis failed in her duty to report absences to the school, but that her breach of that duty was reckless. The evidence—that Ms. Lewis called the school on two occasions instead of providing written excuses, and that her regular practice was to provide [her son] with letters to bring to school on his own—may perhaps demonstrate that she deviated from the expected parental standard of care, or that she was merely negligent. But even if [her son] was an absentminded 11-year-old, as Ms. Lewis acknowledged he was, the decision to send him to school with an excuse does not demonstrate a heedless disregard for the possibility that the school will not receive the excuse.

Reviewing the evidence in a light most favorable to the prosecution, it is clear that Ms. Lewis failed to meet her obligation to report [her son's] absences to *** Elementary. However, this failure—even if it was a "substantial lapse from due care"—only rises to the level of criminal negligence. R.C. 2901.22(D). While Ms. Lewis could have apprehended the

risk, there is no indication that she perversely disregarded it. Instead, the evidence supports a finding that Ms. Lewis failed to provide the school with notice of [her son's] absences because her communication habits failed to meet the standard of due care. As a result, the State has failed to prove the mens rea necessary to sustain a conviction.

(Appellant's Brief at 12-13).

{¶ 21} We find Lewis' argument to be unpersuasive. School secretary Beloff testified that she did not receive any written excuses regarding Lewis' son's absences until the eve of trial. (Trial Tr. at 37-38). Beloff also testified that she sent Lewis a letter after her son had accrued 10 unexcused absences, advising that a doctor's note would be required for future absences. (*Id.* at 25-26). Attendance officer Stephens additionally testified that he visited Lewis' home to address her son's absences and left a card in the door, asking her to contact the school. (*Id.* at 81). In its ruling, the trial court found that "the defendant received notice repeatedly about the absences of her child." (Doc. # 20 at 2). Even if we accept, arguendo, that Lewis gave her son notes to take to the school, the repeated notices she received reasonably should have alerted her to a problem with the notes not being delivered by her admittedly "absent minded" son. Because she purportedly did nothing but continue to send undelivered notes, the trial court reasonably could have found that she acted recklessly.

{¶ 22} In any event, the magistrate was not convinced that Lewis did "faithfully" send notes to the school when her son returned from absences. Her failure to send notes is corroborated by Beloff's testimony that she did not receive *any* written excuses regarding the absences. The trial court reasonably could have accepted Beloff's

testimony about not receiving any notes and could have believed that *at least some* such notes likely would have been delivered if Lewis actually had sent them with her son. In short, Beloff's testimony about the lack of any notes supports an inference that no notes were sent, despite the school's repeated warnings about absences, providing a second basis upon which the trial court could have found Lewis reckless. Therefore, construing the evidence in a light most favorable to the prosecution, we find legally sufficient evidence to support a finding that Lewis recklessly failed to provide her son's school with written excuses for his absences. The second assignment of error is overruled.

{¶ 23} Having sustained Lewis' first assignment of error, we hereby vacate the confinement portion of her sentence, including both the suspended 120-day jail term and the 60-day term that she was ordered to serve. The rest of Lewis' sentence—which consists of a term of probation, a $25 fine, and court costs—remains in effect. As so modified, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

TUCKER, J., concurs.

FROELICH, J., dissenting:

{¶ 24} I would find that this Court lacks jurisdiction to address Lewis's assignments of error and would dismiss the appeal, because the juvenile court has not entered a final appealable order.

{¶ 25} After a trial before a magistrate, Lewis was found guilty of the offense of contributing to the delinquency of a minor. The juvenile court judge signed the magistrate's decision the same day. Lewis filed a pro se "appeal" of the magistrate's decision, and the juvenile court filed a judgment entry construing the "appeal" to be a

timely objection, pursuant to Juv.R. 40.

**{¶ 26}** The juvenile court subsequently overruled Lewis's objections, with specific findings, and "adopt[ed] and affirm[ed] the finding and orders of the Magistrate as the findings and final order of the court on this matter." The court ordered a presentence investigation (PSI) and scheduled a sentencing hearing for January 26, 2017.

**{¶ 27}** The sentencing hearing was conducted by the magistrate, and the magistrate issued a sentencing decision. On the same day, the juvenile court judge signed the magistrate's decision under a sentence that read, "This judgment is adopted as an order of the Court upon filing." The sentencing entry was filed on January 27, 2017. Lewis did not file objections to the magistrate's decision. She now appeals from the January 27, 2017 order.

**{¶ 28}** I would find that there is no final appealable order. Juv.R. 40(D)(4)(e) requires that a "court that adopts, rejects, or modifies a magistrate's decision shall also enter a judgment." *See also* Civ.R. 53(D)(4)(e). When objections are filed, a judgment entry must include the court's own order resolving the matter (not just adopting a magistrate's decision), resolve any objection, sufficiently address the pending issues so the parties know their rights and obligations by referring only to the judgment entry, and be a document separate from the magistrate's decision. *See, e.g., Hall v. Adler*, 2d Dist. Montgomery No. 27572 (Aug. 9, 2017) (Decision and Final Judgment Entry); *Bennett v. Bennett*, 2012-Ohio-501, 969 N.E.2d 344 (2d Dist.).

**{¶ 29}** A "combined judgment entry signed by both the magistrate and the judge is not a proper 'judgment' from which an appeal lies." *Jackson v. Jackson*, 4th Dist. Washington No. 13-CA-40, 2014-Ohio-5853, ¶ 11, citing *Hall v. Darr*, 6th Dist. Ottawa No.

OT-03-001, 2003-Ohio-1035, ¶ 28. "The order was not final and appealable because the magistrate and trial court issued a joint decision instead of separate, distinct documents." *Perko v. Perko*, 11th Dist. Geauga Nos. 2001-G-2403, 2002-G-2435, 2002-G-2436, 2003-Ohio-1877, ¶ 5. To be a final order, the judgment must, among other things, "be a document separate from the magistrate's decision." *Sabrina J. v. Robbin C.*, 6th Dist. Lucas No. L-00-1374, 2001 WL 85157, *3 (Jan. 26, 2001); *see also Everhome Mtge. Co. v. Kilcoyne*, 8th Dist. Cuyahoga No. 96982, 2012-Ohio-593 (under plain language of Civ.R. 54(A), a court's judgment cannot contain the magistrate's decision).

{¶ 30} An appellate court has jurisdiction to review final orders, judgments, and decrees. Article IV, Section 3(B)(2) of the Ohio Constitution; R.C. 2505.03. In the absence of a final appealable order, the appeal must be dismissed. The juvenile court's January 27, 2017 entry failed to satisfy the requirements of a final appealable order. Accordingly, I would dismiss the appeal.

{¶ 31} As a secondary matter, the record is somewhat unclear about the offense of which Lewis was convicted: former R.C. 2919.24(A)(1) or R.C. 2919.24(A)(2), and based on unruliness or on delinquency. R.C. 2919.24, entitled "Contributing to unruliness or delinquency," can be violated, by definition, by contributing to delinquency *or* by contributing to unruliness. And, as stated by the majority, R.C. 2919.24(A)(1) and R.C. 2919.24(A)(2) are separate offenses with distinct elements.

{¶ 32} The complaint filed on April 7, 2016, alleged that Lewis "did act in a way *tending to cause* the child to become a * * * *delinquent* child as defined in Section 2152.02(F) * * * in violation of Section 2919.24 * * *." (Emphasis added). This wording

charged a violation of R.C. 2919.24(A)(2) and specifically cited delinquency as its basis.

{¶ 33} Consistent with that charge, after a trial, the magistrate filed findings of fact, stating that Lewis was before the court for trial on an allegation that she "did act in a way tending to cause a child to become delinquent as defined in ORC §2152.02, in violation of ORC §2919.24." However, the magistrate's decision did not quote R.C. 2919.24(A)(2) and define "delinquent." Instead, it quoted R.C. 2919.24(A)(1) and "found" that an "unruly child" includes any child who is habitually truant. The magistrate then found that Lewis's child was an "unruly child" and that Lewis had aided, abetted, induced, caused, encouraged or contributed to her child's becoming an unruly child -- which is consistent with R.C. 2919.24(A)(1). The magistrate nevertheless concluded that the State had proven the "complaint" beyond a reasonable doubt and found Lewis guilty "of the offense of contributing to the delinquency of a minor beyond a reasonable doubt."

{¶ 34} Lewis filed objections, which were overruled. The trial court's entry overruling the objections did not address the inconsistencies in the magistrate's statutory references, and it did not indicate whether the court's guilty verdict was based on R.C. 2919.24(A)(1) or R.C. 2919.24(A)(2) and on unruliness or on delinquency. The January 27, 2017 sentencing entry stated that Lewis was "previously found guilty of contributing to the Delinquency *or* Unruliness of a Minor in Violation of ORC § 2919.24." (Emphasis added.) Again, it did not identify the specific subsection.

{¶ 35} In short, Lewis was charged with contributing to the delinquency of her child, in violation of former R.C. 2919.24(A)(2), but arguably was found guilty for having contributed to the unruliness of her child, in violation of R.C. 2919.24(A)(1). "In general, absent a negotiated plea agreement or evidence of a lesser included offense, a defendant

cannot be convicted of an offense for which he or she has not been charged." *State v. Hill*, 2d Dist. Montgomery No. 26581, 2015-Ohio-5166, ¶ 49. Regardless of whether facts supported her having contributed to the unruliness of her son, Lewis was not on trial for aiding and abetting the unruliness of her child, and the charge was not amended to R.C. 2919.24(A)(1), even after trial. The trial court should clarify the nature of Lewis's conviction in its final judgment entry.

. . . . . . . . . .

Copies mailed to:

Andrew Pickering
Patrick Clark
Hon. Joseph N. Monnin