[Cite as *State v. McClurg*, 2020-Ohio-1144.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-15 |
| | : | |
| v. | : | Trial Court Case No. 2019-CRB-001- |
| | : | 413 |
| JAMES W. MCCLURG | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Municipal Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of March, 2020.

. . . . . . . . . . .

JESSE J. GREEN, Atty. Reg. No. 0040265, Darke County Prosecutor's Office, Appellate Division, 504 South Broadway Street, Greenville, Ohio 45331
    Attorney for Plaintiff-Appellee

KAREN S. MILLER, P.O. Box 341274, Dayton, Ohio 45434
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} James W. McClurg appeals from his conviction following a no-contest plea to a charge of menacing.

{¶ 2} In his sole assignment of error, McClurg contends his "maximum sentence and maximum fine for a misdemeanor of the fourth degree was improper and excessive contrary to O.R.C. section 2929.21."

{¶ 3} The record reflects that McClurg was charged by complaint with menacing, a fourth-degree misdemeanor, based on threats he made to the victim outside of a grocery store. The only factual background in the record is found in police sergeant S.A. Trissel's affidavit in support of an arrest warrant. The affidavit states:

> On June 27, 2019 at approximately 1304 hrs. I, Sgt. S.A. Trissel, spoke to the victim * * * in front of the grocery store at the corner of Cross St. and Main St. in Palestine, Ohio. The victim advised he was going to the store with his son and was going back in the store when the defendant pulled up in front of the store. The victim advised a few days prior to this day the defendant had come to his residence and stole money from him and that he called the Sheriff's Office to report it. The victim advised the Sheriff's Office took a report and they went and talked to the defendant about the incident. When the defendant pulled in front of the store he got out and confronted the victim about accusing him of stealing money. The victim advised that the defendant told him that if he accused him of stealing money again he would "Beat his a**." The defendant told the victim that his mother died yesterday and he did not care who he would have to kill. The

victim told the defendant that he was going back in the store to get his stuff, but the defendant told the victim, "I'll beat the hell out of you if you don't get in your vehicle." The victim advised he again told the defendant he was getting his stuff inside, but the defendant told him to get in the car or he would beat his a**, that he would get the victim's stuff. The victim advised he did not want this to happen because he knew the defendant was just going [to] take the stuff he bought. The defendant went in the store and went to take the pack of alcohol that the victim had purchased, but the store owner told him he was not taking it. The store owner advised the defendant opened up the alcohol container and took a couple out, but the store owner made him put them back in there. The store owner grabbed the pack of alcohol and took it out to the victim. The defendant then left the store. The victim advised this is the fourth dealing he has had with the defendant. The victim advised the defendant is a very violent man and he is afraid the defendant is going to hurt him, that he is fearful of the defendant because of his actions and threats. The store owner advised he observed the defendant shove the victim while they were in front of the store, but did not hear what was said. The store owner did advise that the defendant was highly intoxicated at the time.

{¶ 4} After McClurg was charged, the trial court rejected a proposed plea agreement providing for him to plead guilty to a charge of disorderly conduct with a sentencing recommendation of a $150 fine plus court costs and completion of an anger-management class. (Sept. 11, 2019 Order.)  McClurg later appeared in court and pled

no contest to menacing as charged in the complaint without any apparent plea deal. (Tr. at 5.) Defense counsel waived an explanation of the circumstances with a stipulation of a finding of guilt. (*Id.*) The trial court accepted the plea and made a finding of guilt. (*Id.* at 6.) With defense counsel's consent, the matter proceeded directly to sentencing. (*Id.*) After confirming McClurg's address, the trial court remarked that his "mouth gets [him] in trouble all the time, unfortunately." (*Id.* at 7.) The trial court then sentenced him to 30 days in jail with credit for one day served. It ordered him to serve 15 days immediately and suspended the remaining 14 days with conditions. The trial court also imposed a $250 fine plus court costs. (*Id.* at 8; *see also* Sept. 12, 2019 Judgment Entry.)

{¶ 5} On appeal, McClurg contends the record does not reflect the trial court's consideration of the statutory sentencing factors before imposing a maximum jail term and fine. McClurg acknowledges that a trial court is not required to state on the record that it has considered those factors, as proper consideration is presumed from a silent record. He nevertheless argues that R.C. 2929.22(C) reserves maximum misdemeanor sentences for repeat offenders or those who commit the worst form of an offense. McClurg then argues that the record in his case was "absolutely silent" with regard to the details of his offense or whether he had a criminal record. Finally, McClurg asserts that his maximum jail sentence and fine were "excessive, unreasonable, arbitrary, and unconscionable" because the purposes of misdemeanor sentencing could have been achieved through a lesser sentence.

{¶ 6} This court set forth the standards governing misdemeanor sentencing in *State v. Bakhshi*, 2d Dist. Montgomery No. 25585, 2014-Ohio-1268, as follows:

> When sentencing for a misdemeanor offense, the trial court is guided

by the "overriding purposes of misdemeanor sentencing," which are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.21(A); *State v. Collins*, 2d Dist. Greene No. 2012-CA-2, 2012-Ohio-4969, ¶ 9. "To achieve those purposes, the sentencing court [must] consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." R.C. 2929.21(A). The sentence imposed must be "reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders." R.C. 2929.21(B); *Collins* at ¶ 9.

"A trial court is also required to consider the nature and circumstances of the offense, whether there was a history of persistent criminal activity or character that reveals a substantial risk of the offender committing another offense, and numerous other factors related to the offender and the offense. R.C. 2929.22(B). However, in misdemeanor sentencing, there is no requirement that a trial court specifically state its reasons for imposing the sentence that it does on the record. *State v. Jackson*, 2d Dist. Montgomery No. 20819, 2005-Ohio-4521, ¶ 16, citing *State v. Harpster*, 5th Dist. Ashland No. 04COA061, 2005-Ohio-1046." *Collins* at ¶ 10. "If the sentence imposed is within permissible statutory

limits, a reviewing court will presume that the trial court considered the sentencing factors in R.C. 2929.22(B), absent a showing to the contrary." *State v. Johnson*, 2d Dist. Greene No. 04-CA-126, 2005-Ohio-6826, ¶ 9.

We review misdemeanor sentences for an abuse of discretion. *State v. Peagler*, 2d Dist. Montgomery No. 24426, 2012-Ohio-737, ¶ 3.

*Bakhshi* at ¶ 47-49.

{¶ 7} In light of the foregoing presumption, the trial court was not required to discuss any of the misdemeanor sentencing factors on the record or make explicit findings to support McClurg's sentence. *State v. Jackson*, 2d Dist. Montgomery No. 20819, 2005-Ohio-4521, ¶ 13. Even with respect to its imposition of a statutory maximum sentence, no findings were required. Under R.C. 2929.22(C), "[a] court may impose the longest jail term authorized under * * * the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime." Although the statute identifies the circumstances under which a maximum sentence is permissible, it does not require any explicit findings. *See Jackson* at ¶ 16 (recognizing that R.C. 2929.22 does "not require on-the-record findings to support the imposition of a maximum sentence" for a misdemeanor).[1]

{¶ 8} On the record before us, we may presume that the trial court considered all appropriate factors because McClurg has made no affirmative showing to the contrary.

---

[1] In this way, the misdemeanor sentencing statute is distinguishable from the felony sentencing statute, which in certain circumstances (such as consecutive sentencing) requires specific findings regarding an offender and his offense. *See* R.C. 2929.14(C)(4).

The trial court also was not required to make any findings to support its sentence, which was within the authorized statutory range. In any event, we may take judicial notice of the Darke County Clerk of Courts' online records, which reflect that McClurg has a lengthy history of committing felonies and misdemeanors. *See*, *e.g.*, *State v. Thompson*, 2d Dist. Montgomery No. 28449, 2019-Ohio-5140, ¶ 4, fn. 1 (observing that "it is a common practice for appellate courts to take judicial notice of publically accessible online court dockets"). The Dark County Clerk of Courts' website reflects that McClurg has criminal convictions in at least 16 misdemeanor cases before the same judge who sentenced him in the present case. Those prior convictions involved offenses including disorderly conduct (multiple times), drug abuse, drug paraphernalia, domestic violence, violation of a protection order, assault, criminal trespass, and menacing. In light of these prior convictions, the trial court reasonably may have concluded that McClurg's conduct and response to prior sanctions for prior offenses demonstrated that a maximum sentence was necessary to deter him from committing future crime. We see no abuse of discretion.

{¶ 9} The assignment of error is overruled.

{¶ 10} The judgment of the Darke County Municipal Court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Jesse J. Green
Karen S. Miller
Hon. Julie L. Monnin