[Cite as *State v. Estridge*, 2022-Ohio-208.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI COUNTY

STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                           :    Appellate Case No. 2021-CA-25
                                                 :
v.                                               :    Trial Court Case No. 2021-CRB-2332
                                                 :
JUSTIN ESTRIDGE                                  :    (Criminal Appeal from Municipal Court)
                                                 :
    Defendant-Appellant                          :
                                                 :

. . . . . . . . . . .

## O P I N I O N

Rendered on the 28th day of January, 2022.

. . . . . . . . . . .

JARED C. CHAMBERLAIN, Atty. Reg. No. 0090785 and LENEE M. BROSH, Atty. Reg. No. 0075642, Miami County Municipal Prosecuting Attorneys, 201 West Main Street, Troy, Ohio 45373
    Attorneys for Plaintiff-Appellee

JOHN A. FISCHER, Atty. Reg. No. 0068346, 70 Birch Alley, Suite 240, Beavercreek, Ohio 45440
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Justin Estridge, appeals from his conviction in the Miami County Municipal Court after pleading guilty to one misdemeanor count of possessing a controlled substance. In support of his appeal, Estridge contends that the trial court erred by accepting his guilty plea and by sentencing him to jail without first obtaining a valid waiver of his constitutional right to counsel. For the reasons outlined below, the portion of the trial court's judgment imposing a jail sentence will be vacated, and all other aspects of the trial court's judgment will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On July 29, 2021, the State filed a criminal complaint charging Estridge with one count of possession of a controlled substance in violation of R.C. 2925.11(A), a misdemeanor of the first degree. The same day, Estridge appeared before the trial court unrepresented by counsel and entered a guilty plea to the charged offense. The trial court accepted Estridge's guilty plea and immediately sentenced him to 180 days in jail with 21 days of jail-time credit. The trial court also ordered Estridge to pay court costs. Estridge appeals from his conviction, raising a single assignment of error for review.

**Assignment of Error**

{¶ 3} Under his sole assignment of error, Estridge contends that the trial court erred by accepting his guilty plea and sentencing him to jail without first obtaining a valid waiver of his constitutional right to counsel. Although Estridge asserts that the trial court erred by accepting his guilty plea without obtaining a valid waiver of counsel, Estridge is

not requesting that this court reverse his conviction. Rather, Estridge simply argues that the failure to obtain a valid waiver of counsel warrants the vacation of his jail sentence. We agree.

{¶ 4} "A criminal defendant has the right to assistance of counsel for [his or] her defense, pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution." *State v. Sexton*, 2d Dist. Montgomery No. 23152, 2010-Ohio-844, ¶ 13, citing *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 779 (1963) and *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 22. Therefore, "[n]o person may be imprisoned for an offense, whether it is classified as a felony, a misdemeanor, or a petty offense, unless that person was represented by counsel at trial." *State v. Davis*, 2d Dist. Montgomery No. 23248, 2009-Ohio-4786, ¶ 30, citing *Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Sexton* at ¶ 13.

{¶ 5} A defendant's right to counsel may be waived, however, as long as the defendant "voluntarily, knowingly, and intelligently elects to do so." *State v. Owens*, 2d Dist. Montgomery No. 23150, 2010-Ohio-564, ¶ 23, citing *State v. Youngblood*, 2d Dist. Clark No. 2005-CA-87, 2006-Ohio-3853, ¶ 10 and *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976); *Sexton* at ¶ 14. "We conduct an independent review to determine whether a defendant voluntarily, knowingly, and intelligently waived his right to counsel based on the totality of the circumstances." *Owens* at ¶ 26, citing *State v. Gatewood*, 2d Dist. Clark No. 2008-CA-64, 2009-Ohio-5610, ¶ 33.

{¶ 6} To constitute a valid waiver of the right to counsel, " 'a trial court must make a sufficient inquiry to determine whether a defendant fully understands and intelligently

relinquishes that right.' " *Davis* at ¶ 33, quoting *State v. Hall*, 2d Dist. Greene No. 2002-CA-6, 2002-Ohio-4678, ¶ 8; *Owens* at ¶ 25, citing *Gibson* at paragraph two of the syllabus. Presuming a waiver of the right to counsel from a silent record is "impermissible." *State v. Wellman*, 37 Ohio St.2d 162, 309 N.E.2d 915 (1974), paragraph two of the syllabus. Therefore, a defendant's waiver of his or her right to counsel cannot be inferred from the defendant's silence. *Owens* at ¶ 29, citing *Wellman* at paragraph two of the syllabus and *State v. McCrory*, 11th Dist. Portage No. 2006-P-0017, 2006-Ohio-6348, ¶ 23. "The record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." *Wellman* at paragraph two of the syllabus.

{¶ 7} When the record is devoid of evidence establishing that the defendant knowingly, intelligently, and voluntarily waived his or her right to counsel in open court, the trial court is prohibited from sentencing the defendant to a period of confinement. *Owens* at ¶ 29; *State v. Lewis*, 2017-Ohio-9311, 102 N.E.3d 1169, ¶ 10 (2d Dist.) ("Absent a proper inquiry into [defendant's] ability to retain counsel, waiver of her right to counsel, and invocation of her right to represent herself, the confinement portion of her sentence must be vacated."); *State v. Edmonds*, 2d Dist. Montgomery Nos. 24155, 24156, 2011-Ohio-1282, ¶ 4 ("The Sixth and Fourteenth Amendments to the United States Constitution prohibit confinement for any offense unless an indigent defendant has validly waived his right to appointed counsel."). This principle is recognized in Crim.R. 44(B), which provides the following:

> **(B) Counsel in Petty Offenses.** Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to

represent the defendant. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon the defendant, unless after being fully advised by the court, the defendant knowingly, intelligently, and voluntarily waives assignment of counsel.

{¶ 8} Crim.R. 44(C) also provides that a defendant's "[w]aiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in [Crim.R. 22]." Therefore, the waiver of counsel "must affirmatively appear in the record[.]" *Owens* at ¶ 24. "[T]he State bears the burden of overcoming presumptions against a valid waiver[,]" as " '[c]ourts are to indulge every reasonable presumption against the waiver of a fundamental constitutional right, including the right to counsel.' " *Id.*, quoting *State v. Dyer*, 117 Ohio App.3d 92, 95, 689 N.E.2d 1034 (2d Dist.1996).

{¶ 9} While the failure to obtain a valid waiver of counsel as required by Crim.R. 44(B) affects the trial court's ability to sentence a defendant to a period of confinement, it "does not affect the validity of a defendant's pleas or its findings on those pleas." (Citation omitted.) *State v. Lanton*, 2d Dist. Greene No. 2002-CA-124, 2003-Ohio-4715, ¶ 23. " 'Because the right to the assistance of counsel in a petty offense is discretionary under the Criminal Rules, the fact that the trial court failed to obtain a valid waiver under Crim.R. 44 [(B) and] (C) does not mean that the judgment itself must be vacated.' " *Owens* at ¶ 30, quoting *Springfield v. Morgan*, 2d Dist. Clark No. 2007-CA-61, 2008-Ohio-2084, ¶ 11. " 'Where * * * the offense is a petty offense, there is nothing fatally defective with the judgment in general, but only with the "sentence of confinement." ' " *Morgan* at ¶ 11, quoting *State v. Donahoe*, 2d Dist. Greene No. 1990-CA-55, 1991 WL 38899, *2

(Mar. 21, 1991). (Other citation omitted.) Therefore, a trial court's failure to obtain a valid waiver of counsel in petty offense cases does not warrant a reversal of a defendant's conviction. *Owens* at ¶ 30. The "conviction remains valid, * * * as does the non-jail portion of [the] sentence." *Lewis* at ¶ 10.

{¶ 10} In this case, Estridge was charged with and convicted of possession of a controlled substance as a first degree misdemeanor, which is a petty offense. *See* Crim.R. 2(C)-(D) and R.C. 2929.24(A)(1). There is no dispute that a record of the relevant trial court proceedings does not exist in this case, nor is there any dispute that Estridge was not represented by counsel during those proceedings. There is also no written waiver or other documentation in the record to suggest that Estridge was apprised of his right to counsel or that he knowingly, intelligently, and voluntarily waived his right to counsel in open court. Despite this, the State argues that a waiver of Estridge's right to counsel can be inferred under the circumstances of this case. We disagree.

{¶ 11} In support of its argument, the State asserts that Estridge was originally charged with felony possession of a controlled substance in Miami County M.C. No. 2021-CRA-1773, for which Estridge was appointed counsel. The State also asserts that Estridge's appointed counsel negotiated the dismissal of the felony possession charge in exchange for Estridge's pleading guilty to a lesser misdemeanor possession offense. The State further asserts that Estridge accepted the negotiated plea agreement and that the State thereafter dismissed the felony charge and then filed the misdemeanor possession charge at issue in this case. The State claims that, because the plea agreement was negotiated through Estridge's appointed counsel in Case No. 2021-CRA-1773, and was agreed to by Estridge, Estridge implicitly waived his right to counsel in the

instant case.

{¶ 12} Upon review, we find that the trial court's online docket[1] supports the State's assertion that Estridge was charged for felony possession of a controlled substance in Case No. 2021-CRA-1773, and that Estridge was appointed counsel in that case. The online docket also establishes that the felony charge was dismissed on July 29, 2021, which is the same day that the State filed the misdemeanor possession charge in this case. It is also the same day that Estridge entered his guilty plea to the misdemeanor possession charge and received his 180-day jail sentence. There is, however, nothing in the available record to support the State's assertion that Estridge agreed to plead guilty to the misdemeanor charge based on a plea agreement negotiated by his appointed counsel in Case No. 2021-CRA-1773. All that can be discerned from the record is that the State dismissed the felony possession charge the same day that it filed the misdemeanor possession charge, and that Estridge entered his guilty plea to the misdemeanor possession charge immediately thereafter.

{¶ 13} More importantly, there is no record of the relevant trial court proceedings in this case and thus no transcript to review. There is also no documentation in the

---

[1] We note that it is a common practice for appellate courts to take judicial notice of publically accessible online court dockets. *See State v. McClurg*, 2d Dist. Darke No. 2019-CA-15, 2020-Ohio-1144, ¶ 8; *State v. Thompson*, 2d Dist. Montgomery No. 28449, 2019-Ohio-5140, fn. 1, citing *State v. Kempton*, 4th Dist. Ross No. 15CA3489, 2018-Ohio-928, ¶ 17 (there are "circumstances in which an appellate court may properly take judicial notice of publicly accessible records, including court documents and dockets, in deciding appeals"); *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 8 and 10 (finding that a court can take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet); *Draughon v. Jenkins*, 4th Dist. Ross No. 16CA3528, 2016-Ohio-5364, ¶ 26 ("both the trial court and this court can take judicial notice of [appellant's] prior appellate cases, which are readily accessible on the internet").

record suggesting that Estridge was advised of his right to counsel or that Estridge waived that right. In other words, the record is devoid of any evidence to suggest that Estridge was informed, at any time, of his constitutional right to counsel or that Estridge knowingly, intelligently, and voluntarily waived that right in open court as required by Crim.R. 44(B) and (C).

{¶ 14} As previously discussed, a waiver of the right to counsel cannot be inferred from a silent record. *Wellman*, 37 Ohio St.2d 162, 309 N.E.2d 915, at paragraph two of the syllabus. Therefore, given the limited record before this court, we will not presume that Estridge waived his right to counsel in this case. In the absence of a valid waiver, the trial court was prohibited from sentencing Estridge to a period of incarceration. *See Owens*, 2d Dist. Montgomery No. 23150, 2010-Ohio-564, at ¶ 29*; Lewis,* 2017-Ohio-9311, 102 N.E.3d 1169, at ¶ 10; *Edmonds*, 2d Dist. Montgomery Nos. 24155, 241156, 2011-Ohio-1282, at ¶ 4. Accordingly, Estridge's 180-day jail sentence must be vacated.

{¶ 15} We note that the record indicates that Estridge was scheduled to be released from jail on January 4, 2022. The record also indicates that the trial court suspended the balance of Estridge's jail sentence on October 25, 2021. The State asserts that this was done for the purpose of permitting Estridge to engage in substance abuse counseling at Miami County Recovery Council. The State also asserts that Estridge has since absconded from his substance abuse treatment. The trial court docket supports the State's assertion regarding Estridge's absconding, as the trial court issued a warrant for Estridge's arrest on November 2, 2021. Despite this, the suspended portion of Estridge's jail sentence must also be vacated since there was no valid waiver of Estridge's right to counsel. *See Owens* at ¶ 30 ("the sentence of confinement--both

actual and suspended--must be vacated").

{¶ 16} For the foregoing reasons, Estridge's sole assignment of error is sustained.

**Conclusion**

{¶ 17} Having sustained Estridge's assignment of error, the portion of the trial court's judgment imposing a jail sentence, including the suspended portion of that jail sentence, shall be vacated.   Other than that modification, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Jared B. Chamberlain
Lenee M. Brosh
John A. Fischer
Hon. Gary A. Nasal