OPINION
{¶ 1} Steven Kendall entered pleas of no contest to two counts of gross sexual imposition, which are third degree felonies, in return for which the State dismissed five additional counts charging the same offense. The trial court sentenced Kendall to two consecutive three-year terms of incarceration. Kendall appeals, advancing error as follows:
 {¶ 2} "1. THE TRIAL COURT ERRED BY RULING THAT PROSECUTOR *Page 2 
COULD INTRODUCE EVIDENCE OF ALLEGED PRIOR ACTS FROM 22 TO 29 YEARS AGO."
 I {¶ 3} The alleged victims, both under the age of thirteen, are described in the State's brief as Kendall's step-grandsons. Prior to trial, Kendall filed a motion in limine seeking to exclude evidence of alleged similar behavior by Kendall with his adopted sons which "occurred 22 to 29 years ago."
 {¶ 4} After a jury was impaneled, the trial court ruled on the motion in limine. The court, in effect, overruled the motion, determining that the "other acts" evidence was admissible as proof of Kendall's "motive and intent or purpose to commit the offenses charged in the present case" and the "absence of mistake or accident." At oral argument of this appeal, the prosecutor confirmed that it was the State's intention to use the other acts evidence in its casein-chief
 {¶ 5} After ruling on the motion in limine adversely to Kendall, Kendall entered no contest pleas to two of the seven counts with the express understanding — based on the trial court's statement to him — that he could appeal the adverse ruling on his motion in limine.
 II {¶ 6} It is clear from the opening statement of defense counsel — given before jury selection — that Kendall denied that the charged behavior took place. As such, this case is strikingly similar to, if not on all fours with, State v. Smith (1992), 84 Ohio App.3d 647. InSmith, the defendant was also charged with gross sexual imposition with males less than thirteen years old. Like Kendall, Smith denied committing those offenses. In an extensive discussion, *Page 3 
and on facts much closer than the facts of this case, this court found prejudicial error in the admission of other acts evidence to establish motive or intent or absence of mistake or accident in the State's case-in-chief. Id., 663-669. Accordingly, we conclude that the trial court's ruling in this case that other acts evidence would be admissible in the State's case-in-chief was error.
 III {¶ 7} There can be no doubt that the trial court's ruling on the motion in limine prompted Kendall's decision to plead no contest to two of the charges with the trial court's assurance that its ruling was appealable. We question the correctness of that assurance because a ruling on a motion in limine is a tentative ruling that does not, without more, preserve the ruling for appellate review. See Gable v.Gates Mills, 103 Ohio St.3d 449, 456-7; 2004-Ohio-5719. Here, the trial court stated that the pleas of no contest were a more expeditious method of getting the other acts ruling before the court of appeals than a trial resulting in a guilty verdict:
 {¶ 8} "Court suggested that it may be a less expensive list [sic] time consuming and more appropriate counsel to allow the preservation of a right of appeal through a no contest plea rather than through a trial and a finding of guilty."
 {¶ 9} Be that as it may, it is clear that Kendall's decision to enter two no contest pleas rather than to proceed to trial was induced by the trial court's assurance that its other acts ruling was subject to appellate review. As such, those pleas would not have been knowingly and voluntarily made if appellate review of the ruling was not available.
 IV {¶ 10} We conclude that the trial court's ruling on the motion in limine was not properly reviewable on appeal. Because Kendall's pleas of no contest were induced by the trial court's *Page 4 
assurance that its ruling was appealable, accepting Kendall's no contest pleas in that circumstance was plain error, and those pleas should be vacated. We have addressed the merits of the other acts issue for the guidance of the trial court and counsel should this matter go to trial. We believe Kendall should be permitted to re-enter pleas of no contest to two counts in return for the dismissal of the other five counts if he desires to do so.
 V {¶ 11} The judgment will be reversed and the case will be remanded for further proceedings consistent with this opinion.
GRADY, J. and DONOVAN, J., concur.
Copies mailed to:
 Hon. Roger B. Wilson *Page 1