[Cite as *State v. Johnson*, 2018-Ohio-4347.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27809 |
| | : | |
| v. | : | Trial Court Case No. 2017-CRB-3550 |
| | : | |
| ERIC M. JOHNSON | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of October, 2018.

. . . . . . . . . . .

GARRETT P. BAKER, Atty. Reg. No. 0084416, 335 West Third Street, Room 372, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

JOYCE M. DEITERING, Atty. Reg. No. 0005776, 8801 N. Main Street, Suite 200, Dayton, Ohio, 45415
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Eric M. Johnson appeals from his conviction and sentence following a no-contest plea to one count of menacing, a fourth-degree misdemeanor.

{¶ 2} In his sole assignment of error, Johnson contends the trial court violated his Sixth Amendment right to compulsory process by prohibiting him from subpoenaing witnesses.

{¶ 3} The record reflects that Johnson was charged with menacing following a June 4, 2017 dispute with a neighbor over a driveway. Johnson pled not guilty and requested a jury trial. Prior to trial, he subpoenaed several witnesses. The State responded with a motion to quash the subpoenas. It also filed a motion in limine to preclude testimony about one or more allegedly irrelevant prior incidents. After hearing arguments on the two motions, the trial court overruled the motion to quash, finding it "too restrictive." (Tr. at 104). The trial court sustained the motion in limine, however, to the extent that it sought to preclude Johnson from introducing evidence of prior incidents in his case-in-chief. But the trial court noted that it could change its mind and make a different ruling at trial. (*Id.* at 103-104). Shortly after the trial court's disposition of these motions, Johnson elected to plead no contest. The trial court found him guilty and sentenced him accordingly.[1]

---

[1] Johnson's sentence included a suspended ten-day jail term and six months of supervised probation followed by six months of unsupervised probation. Johnson did not seek a stay and now has completed his term of supervised probation. The record does not reflect whether he remains on unsupervised probation. In any event, we note that the trial court's judgment ordered Johnson to pay court costs. The trial court's online docket reflects that those costs remain unpaid. Therefore, his appeal is not moot regardless of whether he has completed the other aspects of his sentence. *See State v. Ruley*, 2d Dist. Miami No. 2017-CA-10, 2018-Ohio-3201, ¶ 10 ("Nevertheless, the trial court did impose court costs, and nothing in the record suggests that Ruley has paid those costs. Unpaid

{¶ 4}   On appeal, Johnson contends the trial court erred in prohibiting him from subpoenaing witnesses. But the record belies this claim. As set forth above, the record reflects that multiple witnesses were subpoenaed on Johnson's behalf. The State filed a motion to quash the subpoenas, and the trial court overruled the motion. Having reviewed the record, we see no evidence that the trial court prohibited Johnson from subpoenaing any witnesses.

{¶ 5} Despite the wording of his assignment of error, Johnson's real argument appears to be that the trial court erred in sustaining the State's motion in limine to preclude certain testimony from his witnesses. (*See* Appellant's brief at 9-10). The trial court made clear, however, that its liminal ruling was tentative. It cautioned defense counsel not to introduce the challenged evidence in Johnson's case-in-chief "unless we have discussed it and the court makes a ruling." (Tr. at 104).

{¶ 6} This court has recognized that "a no-contest plea generally does not preserve for appeal a trial court's ruling on a motion in limine." *State v. Monticue*, 2d Dist. Miami No. 06-CA-33, 2007-Ohio-4615, ¶ 16. Given the preliminary and anticipatory nature of a liminal ruling, the evidentiary issue must be raised again at trial to preserve it for appeal.[2] Here there was no trial because Johnson pled no contest. Therefore, his challenge to the

---

court costs alone suffice to prevent a judgment from being moot, even if an appellant has completed his jail sentence.").

[2] An exception to this rule exists when a motion in limine is the functional equivalent of a motion to suppress. This exception applies when the subject of the motion can be resolved with finality after an evidentiary hearing and without the need for a full trial to consider the evidence in the context of other evidence. *See, e.g., State v. Reed*, 2016-Ohio-7416, 72 N.E.2d 1196, ¶ 27 (2d Dist.). Here the State's motion in limine was not the functional equivalent of a motion to suppress because the trial court did not hold an evidentiary hearing and, more importantly, the trial court needed to consider the subject of the motion in the context of other evidence at trial.

trial court's ruling on the State's motion in limine was not preserved for appeal.

{¶ 7} The issue is further complicated, however, by the fact that Johnson appears to have believed when he entered his no-contest plea that he could appeal the trial court's ruling, and neither the trial court nor defense counsel disabused him of that notion. Following its ruling, the trial court took a brief recess. When the proceedings resumed, Johnson and his attorney informed the trial court that, in light of the ruling on the motion in limine, Johnson wanted to proffer the excluded testimony and plead no contest. (Tr. at 108-109). Defense counsel then told the trial court that Johnson "understands that this is the way to proceed for purposes of appeal." (*Id.* at 117). The trial court also told Johnson "this is a way so that the case can be appealed, where the court of appeals will look at the facts but you aren't admitting you're guilty." (*Id.* at 118).

{¶ 8} Under similar circumstances, a defendant's no-contest plea has been found not knowingly, intelligently, and voluntarily entered. In *State v. Engle*, 5th Dist. Fairfield No. 38-CA-OCT-92, 1994 WL 476390 (Aug. 11, 1994), the defendant argued that her no-contest plea was invalid because it had been based on a representation that she could appeal certain rulings, including a ruling on a motion in limine. *Id.* at *3. The Fifth District rejected her argument, finding no "promise" by the prosecutor that she could appeal certain issues and finding nothing in the record to support a conclusion that she had entered the plea solely for purposes of appealing those issues. *Id.* at *4. On further review, the Ohio Supreme Court reversed in *State v. Engle*, 74 Ohio St.3d 525, 660 N.E.2d 450 (1996). It noted that the defendant and her attorney believed she could appeal the adverse rulings after a no-contest plea and that "[t]he trial court listened without uttering a word of correction." *Id.* at 527. The Ohio Supreme Court then concluded:

* * * There can be no doubt that the defendant's plea was predicated on a belief that she could appeal the trial court's rulings that her counsel believed had stripped her of any meaningful defense. Therefore, her plea was not made knowingly or intelligently. Consequently, we remand this cause to the trial court with instructions that Mrs. Engle be given the opportunity to withdraw her plea and proceed to trial. * * *

*Id.* at 528.

{¶ 9} One distinguishing feature between *Engle* and the present case is that the defendant in *Engle* raised as an assignment of error the invalidity of her plea due to her misunderstanding of the effect of pleading no contest. Here, Johnson's actual assignment of error only alleges a violation of his right to compulsory process due to a denial of his right to subpoena witnesses. Construing his appellate brief more broadly, it also challenges the trial court's ruling on the motion in limine. The brief says nothing, however, about the invalidity of Johnson's plea or about him misunderstanding the effect of a no-contest plea. In similar circumstances, however, this court on occasion still has found a no-contest plea to be invalid. In *State v. Kendall*, 2d Dist. Champaign No. 2008 CA 7, 2008-Ohio-5647, for example, the defendant argued on appeal that the trial court had erred in making a ruling on a motion in limine that permitted the State to introduce other-acts evidence at trial. On review, this court noted that the defendant had pled no contest after the trial court's adverse liminal ruling and that the plea had been entered "with the trial court's assurance that its ruling was appealable." *Id.* at ¶ 7. This court concluded that the liminal ruling was not appealable in light of the no contest plea. Therefore, this court held that the trial court's acceptance of the no-contest plea constituted plain error. *Id.* at

¶ 7. Importantly, however, the *Kendall* court also predicated its decision on the conclusion that the trial court's liminal decision was wrong. *Id.* at ¶ 6.

{¶ 10} Unlike *Kendall*, we decline to find plain error here despite the mistaken belief by Johnson and his attorney that a no-contest plea would preserve the ability to appeal the trial court's liminal ruling. As a threshold matter, "[a]lthough we may notice plain error that was not raised below, any non-jurisdictional error still must be raised by a party on appeal before we properly may correct it." *State v. Lewis*, 2017-Ohio-9311, 102 N.E.3d 1169, ¶ 17, fn. 7 (2d Dist.). Johnson has not asserted on appeal that the trial court committed plain error in allowing him to plead no contest without ensuring that he understood such a plea would waive his challenge to the ruling on the motion in limine.

{¶ 11} Even setting aside Johnson's failure to raise any plain-error argument, we note that "[a]n appellate court has the discretion to notice plain error under Crim.R. 52(B) 'with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice.' " *State v. Zimpfer*, 2d Dist. Montgomery No. 26062, 2014-Ohio-4401, ¶ 29, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. We are not able to exercise that discretion here because the record demonstrates that the trial court's ruling on the motion in limine was correct, and there is nothing in the record to suggest that the liminal ruling would have changed during the trial. Therefore, we see no plain error and no manifest miscarriage of justice in Johnson's plea of no contest based on a mistaken belief that he could challenge the trial court's ruling.

{¶ 12} In connection with Johnson's no-contest plea, the prosecutor provided a statement of facts. According to the prosecutor, on June 4, 2017, several of the victim's

family members were returning to his home, and they moved over from the victim's portion of the driveway to a portion of the Johnson's driveway so that the victim could pull in and park his car. (Tr. at 113). Johnson opened the front door of his house and yelled at the people to get off of his driveway. The people moved after the victim parked. When the victim exited his car, Johnson yelled and threatened the victim, saying "I'll f**k you up and the police know it!" (*Id.*). The victim believed that Johnson would assault him. (*Id.*). As a result, a menacing charge was filed. (*Id.*).

{¶ 13} As part of the no-contest plea, the trial court permitted Johnson to proffer the testimony that he would have presented if the State's motion in limine had been denied. Defense counsel proffered that Johnson would have presented evidence concerning a confrontation that had occurred four days before the incident in question. Counsel proffered that the evidence would have shown that Johnson had been shot at or otherwise assaulted by the victim on that prior occasion. (*Id.* at 108-109, 115). On appeal, Johnson contends his excluded evidence would have supported an affirmative defense of "justification" under R.C. 2901.05. (*See* Appellant's brief at 10). This argument fails for two reasons.

{¶ 14} In the trial court, counsel did not argue or contend that the evidence the court preliminarily prohibited would support an affirmative defense of justification. Rather, counsel's only contention at that time was that the evidence of what happened four days earlier would provide context to the threat made on the date of the offense. "We were looking to show the ongoing course of tension between the two neighbors and this incident." (Tr. at 103). "The statement that Mr. Johnson, at least would have testified that he made, would have not made sense to the jury without the benefit of any testimony

regarding the [events of May] thirty first." (*Id.* at 109). Legal issues not brought to the attention of the trial court generally may not be raised for the first time on appeal. *State v. Childs*, 14 Ohio St.2d 56, 236 N.E.2d 545 (1968), paragraph three of the syllabus.

{¶ 15} Even if the argument had been made that the liminal evidence could have been relevant to prove a defense of justification, the evidence manifestly would not have supported such an affirmative defense. Johnson's appellate brief quotes R.C. 2901.05(D)(1)(b), which provides that an affirmative defense is "[a] defense involving an excuse or justification peculiarly within the knowledge of the accused, on which the accused can fairly be required to adduce supporting evidence." We are unconvinced, however, on the facts of this case, that the victim's alleged assault on Johnson conceivably could have justified Johnson engaging in menacing by threatening to harm the victim. No rational trier of fact could have found that Johnson was entitled by law to threaten to "f**k up" the victim even if the victim four days earlier had assaulted Johnson. Therefore, the trial court did not err in precluding testimony from Johnson or his witnesses about the prior incident. Had the admissibility of the prior incident been properly preserved and raised on appeal, we would have determined the ruling was correct and the trial court did not err in that regard.

{¶ 16} For the foregoing reasons, we are unable to exercise our discretion to notice plain error regarding the trial court's failure to correct the mistaken belief by Johnson, his attorney or the court as to whether a no-contest plea preserved an appeal of the ruling on the motion in limine, because there was no error or plain error as to the admission of the evidence and the result would have been the same had an appeal proceeded.

{¶ 17} Johnson's assignment of error is overruled, and the trial court's judgment is

affirmed.

. . . . . . . . . . . .

WELBAUM, P.J., concurs.

DONOVAN, J. dissents:

{¶ 18} On the authority of *Kendall,* 2d Dist. Champaign No. 2008 CA 7, 2008-Ohio-5647, I would reverse. It is apparent that Johnson's plea was entered under an erroneous assurance that his liminal motion could be appealed. The prosecuting attorney, defense attorney and judge did nothing to correct this false impression. Although the majority suggests defense counsel only made the proffer to provide "context," in my view his argument was sufficient to suggest that the proffered evidence was relevant to Johnson's state of mind when he reacted verbally in the manner that he did to the complaining witness (and his family members). Specifically, counsel argued that Johnson's "statements * * * that [were] alleged on the fourth [of June] would be IMPACTED by what happened previously on the thirty first [of May]." (Emphasis added.) That is, Johnson, having reported to police that he was shot at by the complainant on May 31, 2017, may have perceived a threat by complainant and his family members due to their presence in his driveway on June 4, 2017.

{¶ 19} Hence, I would reverse.

Copies sent to:

Garrett P. Baker
Joyce M. Deitering
Hon. Francis McGee, c/o Dayton Municipal Court