**The STATE of Ohio, Appellee,**

v.

**GILREATH, Appellant.**

[Cite as *State v. Gilreath*, 174 Ohio App.3d 327, 2007-Ohio-6899.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 06CA32.

Decided Dec. 21, 2007.

328

Gregory Gilreath, pro se.

GRADY, Judge.

{¶ 1} Defendant, Gregory Gilreath, appeals from his conviction and sentence for disorderly conduct.

{¶ 2} As a result of allegedly "flipping off" a seven-year-old neighbor boy by making an offensive gesture with his middle finger, defendant was cited by Tipp City police for disorderly conduct, in violation of R.C. 2917.11(A)(2). Defendant was tried before a magistrate, who issued a written decision finding defendant guilty and recommending a fine of $75. The trial court adopted the magistrate's decision on the date it was filed, pursuant to Crim.R. 19(D)(4)(e)(i). Defendant filed no objections.

{¶ 3} Defendant timely appealed to this court. The state has not filed a brief and, accordingly, we will apply the provisions in App.R. 18(C).

First Assignment of Error

{¶ 4} "The trial court erred in convicting appellant of disorderly conduct as such conviction was against the manifest weight of the evidence and not supported by sufficient evidence."

{¶ 5} Defendant argues that his conviction for disorderly conduct is not supported by legally sufficient evidence and is against the manifest weight of the evidence because there is no evidence that defendant made an offensive gesture by sticking his middle finger up at his seven-year-old neighbor, Nicholas Hoff.

{¶ 6} A sufficiency-of-the-evidence argument challenges whether the state has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492:

{¶ 7} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶ 8} Defendant was convicted of violating R.C. 2917.11(A)(2) on a finding that he recklessly caused annoyance or alarm to Nicholas Hoff by making an offensively coarse gesture toward him.

{¶ 9} Defendant's seven-year-old neighbor, Nicholas Hoff, testified at trial that on April 13, 2006, while his grandfather was pushing him on the swing at Hoff's home located at 26 Apache Court in Tipp City, defendant stuck his middle finger up in the air and "flipped off" Nicholas Hoff. Hoff put the middle finger of his right hand up to demonstrate for the court what he saw defendant do. Hoff was offended and upset by defendant's gesture, and he immediately stopped swinging and told his grandfather what had happened.

{¶ 10} Hoff's grandfather, James Hardy, testified that Hoff suddenly stopped swinging and with a startled look on his face said, "That man just stuck his middle finger up at me." When Hardy moved to a location where he could observe defendant, he observed defendant starting to raise his fist up again, whereupon Hardy yelled at defendant not to stick his finger up or he would break

it. When Hoff told his mother what had happened, she called police. When they arrived, Hoff told them what defendant had done.

{¶ 11} Viewing this evidence in a light most favorable to the state, as we must, we conclude that a rational trier of facts could find beyond a reasonable that defendant recklessly caused annoyance or alarm to Nicholas Hoff by making an offensively coarse gesture. Defendant's conviction is supported by legally sufficient evidence.

{¶ 12} A weight-of-the-evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive. *State v. Hufnagel* (Sept. 6, 1996), Montgomery App. No. 15563, 1996 WL 501470. The proper test to apply to that inquiry is the one set forth in *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717:

{¶ 13} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Accord, *State v. Thompkins,* supra.

{¶ 14} The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212. In *State v. Lawson* (Aug. 22, 1997), Montgomery App. No. 16288, 1997 WL 476684, we observed:

{¶ 15} "Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." Id. at 4.

{¶ 16} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict. *State v. Bradley* (Oct. 24, 1997), Champaign App. No. 97–CA–03, 1997 WL 691510.

{¶ 17} Defendant testified at trial that he did not raise his middle finger to Hoff and had not ever done that to any child. Defendant further testified that he was hanging up a bug zapper and some wind chimes and suggests that is what Nicholas Hoff actually saw. However, the trier of fact, the trial court here, did not lose its way simply because it chose to believe Hoff rather than defendant.

{¶ 18} In finding defendant guilty, the trial court specifically noted that it found both Nicholas Hoff and James Hardy credible and worthy of belief but found defendant not credible and not worthy of belief. The credibility of the witnesses and the weight to be given to their testimony were matters for the trier of facts to decide. *DeHass*. Reviewing this entire record, we cannot say that the evidence weighs heavily against a conviction, that the court lost its way in choosing to believe Nicholas Hoff, or that a manifest miscarriage of justice has occurred. Defendant's conviction is not against the manifest weight of the evidence.

{¶ 19} The first assignment of error is overruled.

Second Assignment of Error

{¶ 20} "The trial court erred in not enforcing its order of separation of witnesses."

{¶ 21} Defendant argues that the trial court abused its discretion by failing to enforce the separation of witnesses that the court had ordered per Evid.R. 615, because the victim's grandfather, James Hardy, never left the courtroom, violating the separation order. Hardy was therefore able to hear the testimony of his grandson before testifying himself. Defendant argues that this prejudiced him because it allowed Hardy to shape his testimony in accordance with that of the victim, his grandson.

{¶ 22} At the outset, we note that defendant failed to raise this issue in the trial court by objecting to James Hardy's testimony. Accordingly, for purposes of this appeal, defendant has waived all but plain error. *Cooper v. Dayton* (1997), 120 Ohio App.3d 34, 696 N.E.2d 640. Plain error does not exist unless it can be said that but for the error the outcome of the trial would clearly have been otherwise. *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804.

{¶ 23} The trial record shows that defendant requested a separation of witnesses and the trial court granted that request, stating that anyone who was there to testify who was not a representative of one the parties was to leave and go out into the hallway. However, the record does not reflect that James Hardy did, in fact, remain in the courtroom after he was ordered to leave, as defendant contends. Nevertheless, because the state has failed to file a brief on appeal, per App.R 18(C) we credit defendant's contention that Hardy remained in the courtroom.

{¶ 24} Though defendant argues that he was prejudiced by Hardy's disobedience of the separation order because that allowed him to shape his testimony to support his grandson's, defendant does not demonstrate how Hardy's testimony,

for whatever reason, would likely have conflicted with or failed to support his grandson's had Hardy not heard his grandson's testimony. Lacking that, we cannot find the prejudice that the plain-error rule requires.

{¶ 25} This assignment of error is overruled.

Third Assignment of Error

{¶ 26} "The trial court erred in sentencing the appellant without appellant being present."

{¶ 27} The defendant's trial before a magistrate was held on June 29, 2006. At the conclusion of the trial proceedings on that date, the magistrate announced that he would take the matter under advisement.

{¶ 28} On June 30, 2006, the magistrate filed a written decision. Upon the findings of fact that were made, the magistrate found defendant guilty of the offense of disorderly conduct and recommended a fine of $75, plus costs. The decision was adopted by the court on the same date.

{¶ 29} Crim.R. 43(A) provides: "The defendant shall be present at * * * the imposition of sentence, except as otherwise provided by these rules." Defendant argues that the provision was violated because the magistrate imposed no sentence when the defendant was before him on June 29, 2006.

{¶ 30} Crim.R. 19 governs proceedings conducted by magistrates. Crim.R. 19(C)(1)(c)(ii) authorizes magistrates sitting in misdemeanor cases to "determine guilt or innocence, receive statements in explanation and mitigation of sentence, and recommend a penalty to be imposed." Actual imposition of a recommended penalty is reserved to the court, as part of the judgment the court imposes pursuant to Crim.R. 19(D)(4), adopting, modifying, or rejecting the magistrate's decision, after ruling on any objections filed by a party pursuant to Crim.R. 19(D)(3)(b).

{¶ 31} A defendant has a right to be present at every stage of a criminal trial, including the imposition of sentence. Section 10, Article I of the Ohio Constitution; *State v. Grisafulli* (1939), 135 Ohio St. 87, 19 N.E.2d 645; *State v. Thompson* (June 9, 1982), Clark App. No. 1659, 1982 WL 3747; *State v. Haymon*, Stark App. No. 2005CA00163, 2006-Ohio-3296, 2006 WL 1756431. Crim.R. 43(A) guarantees that right, but subject to the provisions of Crim.R. 19 pertaining to misdemeanor proceedings in which a magistrate's decision is filed. The court may adopt a sentence the magistrate recommended without the defendant then being present before the court. However, consistent with the purposes of Crim.R. 43(A) and the requirements of due process, in that event the defendant must have been present before the magistrate when the magistrate pronounced the sentence recommended to the court. If that did not occur, the defendant

must be before the court when it imposes a sentence by adopting or modifying the magistrate's recommendation.

{¶ 32} In the present case, the magistrate did not pronounce a recommended sentence when the defendant was before him on June 29, 2006. The recommended sentence was instead pronounced by the magistrate in the written decision that was filed and adopted by the court on June 30, 2006. Therefore, the court erred when it imposed the sentence as it did, the defendant not then being present before the court.

{¶ 33} The third assignment of error is sustained.

Fourth Assignment of Error

{¶ 34} "The trial court erred in not allowing appellant an opportunity to submit timely objections to the magistrate's recommendations."

{¶ 35} Defendant argues that he was not afforded an opportunity to timely file objections to the magistrate's decision because neither he nor his counsel received that decision until more than 14 days after it was filed, when the period of time prescribed by Crim.R. 19(D)(3)(b) to file objections had expired. The magistrate's decision and entry was filed on June 30, 2006, and was adopted by the court on that same date.

{¶ 36} Civ.R. 19(D)(3)(a)(iii) requires that a magistrate's decision be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, *and served by the clerk on all parties or their attorneys no later than three days after the decision is filed.* There is no specific notation on the magistrate's decision in this case, or elsewhere in this record, indicating that the clerk served a copy of the magistrate's decision on the parties or their respective attorneys within three days of filing. Neither is there anything in the record before us demonstrating that the clerk did not comply with the service requirements of that rule. The record is silent as to when a copy of the magistrate's decision in this case was sent to defendant or his counsel and when they received the decision.

{¶ 37} An appellate court must presume the regularity and validity of the proceedings in the trial court below, absent a record that affirmatively demonstrates otherwise. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384. Therefore, when, as here, the record is silent, we must presume that the magistrate and clerk of courts complied with Civ.R. 53(D)(3)(a)(iii), absent an affirmative showing to the contrary. The error defendant complains of is not exemplified by the record in this case, and for that reason we decline to adopt defendant's representation pursuant to App.R. 18(C).

{¶ 38} If defendant was deprived of the right to file timely objections for the reason he alleges, defendant could have moved to vacate his conviction and sentence for that reason pursuant to Crim.R. 57(B) and Civ.R. 60(B)(1). *State ex rel. Petro v. Marshall*, Scioto App. No. 05CA3004, 2006-Ohio-5357, 2006 WL 2924762. Failure to file timely objections is "inadvertent" when a party was unaware of a magistrate's decision. However, the one-year provision of Civ.R. 60(B) applicable to such claims would apply, and more than one year has passed since the trial court entered its judgment on June 30, 2006. Defendant's appeal does not toll the time.

{¶ 39} This assignment of error is overruled.

{¶ 40} Having sustained defendant's third assignment of error, we now vacate the sentence imposed by the trial court and remand this cause to that court for resentencing. In all other respects, the trial court's judgment is affirmed.

Judgment accordingly.

BROGAN and FAIN, JJ., concur.