[Cite as *State v. Anderson*, 2016-Ohio-5157.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | |
|---|---|
| STATE OF OHIO : | |
| : | Appellate Case No. 26917 |
| Plaintiff-Appellee : | |
| : | Trial Court Case No. 15-TRD-1723 |
| v. : | |
| : | (Criminal Appeal from Montgomery |
| KENT C. ANDERSON : | County Municipal Court – Western |
| : | Division) |
| Defendant-Appellant : | |
| : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of July, 2016.

. . . . . . . . . . .

RAYMOND DUNDES, Atty. Reg. No. 0041515, City of Trotwood Prosecutor's Office, 195 South Clayton Road, New Lebanon, Ohio 45345
    Attorney for Plaintiff-Appellee

NATHAN J. STUCKEY, Atty. Reg. No. 0086789, Wright & Schulte, LLC, 735 North Limestone Street, Springfield, Ohio 45503
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Kent Anderson appeals from his conviction and sentence for Failure to Obey A Traffic Control Device.   He contends that the State failed to present evidence sufficient to support the conviction, and that the conviction is against the manifest weight of the evidence.

{¶ 2} We conclude that Anderson's conviction is based on legally sufficient evidence and is not against the manifest weight of the evidence.

## I.   The Collision

{¶ 3} This case arises from a collision between a motorcycle operated by Kent Anderson, and a pickup truck operated by Anthony Morris, at the intersection of Salem Avenue and Curundu Avenue.   Morris testified that he was traveling on Salem Avenue approaching Curundu Avenue.   He testified that he had a green light, and that when he entered the intersection, his truck was struck on the left front fender by the motorcycle operated by Anderson.

{¶ 4} Trotwood Police Officer Jerry Jackson testified that he did not observe the accident, but responded to the scene, where he interviewed an independent witness who gave a written a statement.[1]   Jackson testified that he also spoke with Anderson, who indicated that a Dayton school bus driver had information regarding the accident. Jackson indicated that he questioned this person, who indicated that she had heard about the accident over the radio, and that "she didn't know anything about it."

---

[1] The witness did not appear for trial.   It appears that a subpoena was issued for his appearance, but was not properly served.

{¶ 5} Anderson presented the testimony of Dayton Public Schools bus driver, Ashley Ware. She testified that she was present at the intersection when the accident occurred. According to Ware, she was operating a school bus on Salem Avenue, and was at a stop behind several cars at a red light. She testified that she radioed in to her dispatcher to report the accident. An audio recording of the transmission was admitted, which contained the following conversation:

WARE: Please call 911 right now. A man just got hit right here at Salem and Curundu on his motorcycle and he went up in the air.

DISPATCH: Okay. Is he on Salem or is he on Curundu?

WARE: Right on Salem, right on Salem, right across from Auto Zone and then the car or the truck ran a light on Curundu so he's on Salem.

{¶ 6} On cross-examination, Ware stated that she could not recall anything about the accident, including who ran the red light. She stated that she could not remember if she actually observed the collision. On re-direct, she testified that her recollection would have been better at the time she radioed in to dispatch.

{¶ 7} Anderson testified that he was on his motorcycle on Curundu Avenue approaching Salem Avenue. He testified that he had a green light, and proceeded to make a left turn onto Salem Avenue. Anderson testified that he was "leaning into the turn and as I get ready to stand the bike up to proceed forward up Salem Avenue, I am hit from the blind side by the other driver in the truck and I am knocked unconscious immediately." Tr. pp. 55-56. According to Anderson, he was able to proceed across the two southbound lanes of Salem Avenue that were stopped on a red light, and was not

hit until he reached the northbound lanes of travel. He clarified that he was hit in the rear right side of the motorcycle.

## II. The Course of Proceedings

{¶ 8} Anderson was cited for Failure to Obey a Traffic Control Device in violation of R.C. 4511.12. Following a bench trial, the trial court found Anderson guilty. He was fined $50, and ordered to pay court costs. Anderson appeals.

## III. The Conviction Is Supported by Sufficient Evidence, and Is not Against the Manifest Weight of the Evidence

{¶ 9} Anderson's First and Second Assignments of Error state as follows:

THE TRIAL COURT ERRED BY DENYING KENT ANDERSON'S MOTION FOR JUDGMENT OF ACQUITTAL BECAUSE THE STATE FAILED TO PROVE EACH ELEMENT OF OHIO REVISED CODE 4511.12 BEYOND A REASONABLE DOUBT.

KENT ANDERSON'S CONVICTION FOR VIOLATING OHIO REVISED CODE 4511.12 IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 10} Anderson contends that the State failed to present evidence sufficient to sustain the conviction for Failure to Obey a Traffic Control Device. He further contends that the conviction is against the manifest weight of the evidence. In support, he argues that the only credible evidence presented at trial, consisting of his testimony and that of Dayton Schools bus driver, Ashley Ware, proves that he did not run a red light.

{¶ 11} Crim. R. 29(A) states that a court shall order an entry of judgment of acquittal if the evidence is insufficient to sustain a conviction for the charged offense. "Reviewing the denial of a Crim. R. 29 motion therefore requires an appellate court to use the same standard as is used to review a sufficiency of the evidence claim." *State v. Jackson*, 2d Dist. Montgomery No. 23368, 2010-Ohio-2137, ¶ 9, quoting *State v. Witcher*, 6th Dist. Lucas No. L-06-1039, 2007-Ohio-3960, ¶ 20.

{¶ 12} When a defendant challenges the sufficiency of the evidence, he is arguing that the State presented inadequate evidence on each element of the offense to sustain the verdict as a matter of law. *State v. Hawn*, 138 Ohio App.3d 449, 471, 741 N.E.2d 594 (2d Dist. 2000). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 13} Our analysis is different when reviewing a manifest-weight argument. When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The

discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶ 14}** Anderson was convicted of violating R.C. 4511.12, which states, in pertinent part, that "[n]o pedestrian, driver of a vehicle, or operator of a streetcar or trackless trolley shall disobey the instructions of any traffic control device placed in accordance with this chapter, unless at the time otherwise directed by a police officer."

**{¶ 15}** Anderson's argument is based upon his claim that the State did not present evidence that he ran a red light. In support, he argues that Morris never testified that Anderson ran a red light. He further argues that Jackson failed to conduct a complete investigation, because he did not offer documentation regarding why he issued the citation, and because he failed to follow up with Ashley Ware. Finally, Anderson contends that Morris's testimony was inconsistent and unreliable, and that his testimony and Ware's testimony establish that Morris was at fault.

**{¶ 16}** We agree that Morris's testimony was, at times, confusing. However, he did testify that he was traveling on Salem Avenue, that he had a green light when he crossed over Curundu Avenue, and that Anderson came off of Curundu Avenue and ran into his vehicle. This permits a reasonable inference that Anderson had a red light.[2] Furthermore, while Jackson did not obtain the Dayton Schools bus driver dispatch recording, he did testify that he contacted the person Anderson directed him to, and that the woman indicated that she had no information about the accident. He indicated that

---

[2] In his own brief, Anderson acknowledges that when the traffic on Salem Avenue has a green light, the traffic on Curundu Avenue has a red light.

based upon his investigation, which entailed speaking with the parties and the witnesses, he decided to issue the citation to Anderson.

{¶ 17} This case comes down to witness credibility. There is testimony in the record that favors both sides. The credibility of the witnesses and the weight to be given to their testimony are primarily for the trier of facts to resolve. *State v. Gilreath*, 174 Ohio App.3d 327, 2007-Ohio-6899, 882 N.E.2d 22, ¶ 14. Because the factfinder observes the witnesses, we must accord substantial deference to the factfinder's determinations regarding credibility. *Id.*, ¶ 15. This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict. *Id.*, ¶ 16.

{¶ 18} In this case, the trial court chose to credit Morris's testimony over that of Anderson and Ware. As the trier of fact, the court was entitled to do so. After reviewing the record, we conclude that it is not patently apparent that the trial court lost its way. We conclude that Anderson's conviction is based on legally sufficient evidence and is not against the manifest weight of the evidence. Accordingly, the First and Second Assignments of Error are overruled.

## IV. Conclusion

{¶ 19} Both of Anderson's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J., and FROELICH, J., concur.

Copies mailed to:

Raymond Dundes
Nathan J. Stuckey
Hon. Adele M. Riley