[Cite as *State v. Conard*, 2024-Ohio-1906.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

STATE OF OHIO

    Appellee

v.

CODY D. CONARD

    Appellant

:
:
:
:
:
:
:
:
:
:
:

C.A. No. 2024-CA-1

Trial Court Case No. 23CRB3349

(Criminal Appeal from Municipal Court)

. . . . . . . . . . .

O P I N I O N

Rendered on May 17, 2024

. . . . . . . . . . .

TRAVIS KANE, Attorney for Appellant

LENEE BROSH, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

    **{¶ 1}** After orally waiving his right to counsel, Cody D. Conard pled guilty in the Municipal Court of Miami County to one count of theft, a misdemeanor of the first degree. The court sentenced him to 150 days in jail and ordered him to pay restitution and court costs. Conard appeals from his conviction, claiming that he did not validly waive his right to counsel. For the following reasons, the trial court's judgment will be affirmed as

modified.

## I. Facts and Procedural History

{¶ 2} On November 28, 2023, Conard stole a Huffy bicycle and a Rubbermaid wheelbarrow from Chad Morgan's property. The bicycle and wheelbarrow were located and returned to Morgan, but the bicycle had been damaged. On December 4, 2023, Conard was charged with one count of theft, a first-degree misdemeanor. Three days later, he was arrested on the charge. Conard pled not guilty, bond was set at $1,000, and a pretrial conference was scheduled for December 28, 2023. Conard remained incarcerated during the pendency of his case.

{¶ 3} Conard proceeded without counsel. On December 12, he moved to dismiss the case on the ground that there were no witnesses or video. The following day, the trial court vacated the pretrial conference and scheduled the trial for 1:15 p.m. on January 2, 2024. The court did not address the motion to dismiss, and we presume it was overruled.

{¶ 4} When Conard appeared for trial, the trial court relayed that the prosecutor had indicated that Conard was going to enter a plea to the theft charge. Conard confirmed that was correct. The court continued:

[TRIAL JUDGE]: Okay, so I need to go over this form with you real quick, Mr. Conard. Uh, the sentencing [sic] form usually you sign this and uh, uh, but you're not over here to sign it so, I'll go over it with you, okay? Stop me at any time if you have any questions.

CONARD: Yes, sir. Yes, sir.

[TRIAL JUDGE]: Do you understand the nature and element [sic] of the crime you're pleading to today?

CONARD: Yes, sir.

[TRIAL JUDGE]: So a guilty plea is a complete admission of guilt. A no contest plea is not an admission of guilt but is an admission of the truth of the facts alleged in the complaint and the plea or admission cannot be used against you in any subsequent civil or criminal proceeding.

CONARD: Yes, sir.

[TRIAL JUDGE]: So, I notice you do not have an attorney here with you today. Um, and as you were informed at the arraignment, um, you have the right to have an attorney. If you wanted to continue the proceeding today in order to have an attorney, we could continue that but you would have to make a formal request and obviously, the trial would not happen today.

CONARD: Yes, sir.

[TRIAL JUDGE]: Do you wish to waive your right to have an attorney or do you want to uh, go forward uh, or do you want to uh, put the case on hold in order to hire an attorney?

CONARD: No, I, I will waive it and I'll plead guilty to it.

[TRIAL JUDGE]: Okay, okay. Let me * * * I appreciate that. Let me go over the other rights you are waiving, okay? So * * *

CONARD: Yes, sir.

{¶ 5} The trial court then continued with the plea colloquy, addressing the constitutional rights that Conard was waiving by entering a guilty plea, the maximum sentence involved, and whether any additional promises or threats had been made to induce the plea. Conard indicated that he was entering his plea knowingly and voluntarily and that he wanted to plead guilty. The court accepted his plea. We note that, commendably, the trial court went beyond what was required under Crim.R. 11(E) for misdemeanor cases involving petty offenses.

{¶ 6} Sentencing occurred immediately after Conard orally entered his guilty plea. Morgan, who had provided a victim impact statement and was present for the hearing, requested restitution of $200 and an order that Conard stay away from his property. Conard agreed to pay the requested restitution. The court imposed 150 days in jail and ordered Conard to pay restitution of $200 and court costs. It orally stated that Conard would receive credit for the time he had served "up to this point," but the judgment entry did not specify any amount of jail time credit. The court also told Conard that he could be charged with criminal trespass if he went onto Morgan's property again.

{¶ 7} At some point, Conard signed the plea form, which included a paragraph acknowledging that he had "a right to an attorney and that I have the right to have an attorney appointed for me in the event I cannot afford one." Plea Form, ¶ 7. He also initialed next to a line indicating that he knowingly and voluntarily waived his right to an attorney and wished to represent himself. *Id.* The transcript of the plea and sentencing hearing does not reflect when Conard signed the form (although the court's statements suggest it was not signed when the court reviewed the form with him), but it was filed

approximately an hour after the hearing began.

{¶ 8} Conard appeals from his conviction.   He asked us to expedite his appeal, which we denied; he did not request a stay of his sentence.   Conard has now completely served his jail term, but he has not paid any court costs.   The record does not reflect whether any restitution has been paid.   Because Conard continues to have financial obligations, his appeal is not moot.   *See, e.g., State v. Carpenter*, 2d Dist. Greene No. 2023-CA-6, 2023-Ohio-4062, ¶ 21; *State v. Ruley*, 2d Dist. Miami No. 2017-CA-10, 2018-Ohio-3201, ¶ 10.

## II. Waiver of Right to Counsel

{¶ 9} In his sole assignment of error, Conard claims that he "was denied his constitutional right to counsel."   He argues that his oral waiver of his right to counsel was invalid.

{¶ 10} Conard was charged with theft, a first-degree misdemeanor, and he faced a maximum sentence of 180 days in jail.   His offense thus constituted a "petty offense" under Crim.R. 2(D).   Conard's sentence included a 150-day jail term.

{¶ 11} Pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, criminal defendants have the right to assistance of counsel for their defense.   *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 779 (1963); *State v. Martin*, 103 Ohio St.3d 385, 816 N.E.2d 227, 2004–Ohio–5471, ¶ 22.   The right to counsel extends to misdemeanor cases, including those involving petty offenses, that could result in the imposition of a jail sentence.   *E.g., State v. Perdue*, 2d Dist. Montgomery No. 23151, 2010-Ohio-565, ¶ 33; *Ruley* at ¶ 12.

{¶ 12} Criminal defendants also have a corresponding right to self-representation. *Faretta v. California*, 422 U.S. 806, 819, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 23. Accordingly, defendants may defend themselves without the benefit of counsel when they knowingly, intelligently, and voluntarily elect to do so. *State v. Wilson*, 2d Dist. Clark No. 2018-CA-2, 2020-Ohio-2962, ¶ 41.

{¶ 13} Crim.R. 44 also addresses the appointment of counsel. Under Crim.R. 44(B), the trial court *may* assign counsel to represent a defendant charged with a petty offense who is unable to obtain counsel. *Contrast* Crim.R. 44(A) ("Where a defendant charged with a serious offense is unable to obtain counsel, counsel *shall* be assigned to represent the defendant at every stage of the proceedings" unless the right to counsel is waived. (Emphasis added.)). For petty offenses, the trial court may not impose a sentence of confinement against an unrepresented defendant "unless after being fully advised by the court, the defendant knowingly, intelligently, and voluntarily waives assignment of counsel." Crim.R. 44(B). Crim.R. 44(B)'s prohibition against confining a defendant who lacks counsel and has not validly waived his or her right to counsel applies regardless of whether the defendant is indigent. *State v. Owens*, 2d Dist. Montgomery No. 23150, 2010-Ohio-564, ¶ 21.

{¶ 14} To establish an effective waiver of the right to counsel, the trial court must "make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes that right." *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph two of the syllabus. To be valid, a waiver of counsel "must be made

with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." *Id.* at 377, quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723, 68 S.Ct. 316 (1948); *see also, e.g., State v. Simkins*, 2d Dist. Montgomery No. 27830, 2019-Ohio-4369, ¶ 16. Additionally, the defendant "should be made aware of the dangers and disadvantages of self-representation." *Perdue* at ¶ 44, quoting *State v. Gatewood*, 2d Dist. Clark No. 2008-CA-64, 2009-Ohio-5610, ¶ 33.

{¶ 15} "Courts are to indulge every reasonable presumption against the waiver of a fundamental constitutional right, including the right to counsel." *State v. Dyer*, 117 Ohio App.3d 92, 95, 689 N.E.2d 1034 (2d Dist.1996); *State v. Street*, 2d Dist. Montgomery No. 26501, 2015-Ohio-2789, ¶ 35. The waiver must affirmatively appear in the record, and the State bears the burden of overcoming presumptions against a valid waiver. *Dyer* at 95; *Street* at ¶ 35. Under Crim.R. 44(C), a waiver of counsel must be "in open court and the advice and waiver shall be recorded as provided in [Crim.R.] 22." For petty offenses, the waiver does not need to be in writing. Crim.R. 44(C); *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 24.

{¶ 16} We review de novo, based on the totality of the circumstances, whether a defendant knowingly, intelligently, and voluntarily waived his or her right to counsel. *State v. Simkins*, 2d Dist. Montgomery No. 27830, 2019-Ohio-4369, ¶ 15.

{¶ 17} Conard offers three reasons why the trial court erred in accepting his waiver of counsel. He first argues that the trial court's inquiry into his decision to waive counsel

was "extremely brief" and failed to ensure that he was aware of the nature of the charges, that jail time could be imposed, and other relevant considerations. Second, he asserts that the trial court provided him two options: waive his right to counsel or remain in jail indefinitely without the ability to retain counsel. Third, Conard contends that the trial court indicated that the only way he could have counsel was by hiring his own attorney. Conard asserts that, being indigent and having no attorney appointed to represent him, he had no choice but to go forward with the plea hearing without counsel.

{¶ 18} In its appellate brief, the State argues that the plea colloquy, as a whole, constituted an adequate inquiry for purposes of the waiver of counsel. While acknowledging that much of the necessary information came after Conard waived his right to counsel, the State contends that the waiver was nevertheless valid, particularly because the information was provided before the court accepted Conard's plea. The State further argues that Conard was informed at his arraignment about his ability to retain counsel or obtain the services of a public defender and that he chose not to do either. The State notes that Crim.R. 44 does not require the appointment of an attorney for petty offenses, and Conard never indicated that he wanted an attorney.

{¶ 19} We agree with Conard that the trial court's brief discussion with him at the plea hearing about the waiver of counsel was inadequate. At the point that Conard was asked whether he wished to waive his right to counsel, the trial court had only told him the difference between a guilty and a no contest plea. Conard had also stated that he understood the nature of the charge. During the discussion about the waiver of counsel, the court told Conard that he had a right to an attorney and addressed whether he wanted

a continuance to obtain an attorney or to proceed. However, merely advising a defendant about his or her right to legal representation, either through retained or appointed counsel, is insufficient. *State v. Lewis*, 2017-Ohio-9311, 102 N.E.3d 1169, ¶ 10 (2d Dist.).

{¶ 20} In this case, there was no discussion of the potential penalties Conard faced (including incarceration), possible defenses to the charges and circumstances in mitigation, and the dangers and disadvantages of self-representation prior to Conard's waiver of counsel. We note that Conard's pro se motion to dismiss, filed shortly after his arrest, raised the lack of witnesses or video evidence, which suggested that Conard questioned the strength of the State's case against him. Moreover, based on the court's questioning about whether he wanted to proceed without an attorney, it is unclear whether Conard understood that an attorney could be appointed for him. The record does not contain a transcript of the arraignment, and there is nothing in the record to show what Conard was told about his right to an attorney and how to obtain one if he wished. Consequently, Conard did not validly waive his right to counsel during the plea hearing. *See, e.g., State v. Gross*, 2d Dist. Montgomery No. 24666, 2011-Ohio-6490; *Cleveland v. Daniels*, 8th Dist. Cuyahoga No. 106136, 2018-Ohio-4773; *State v. Condos*, 9th Dist. Summit No. CV 29782, 2022-Ohio-112, ¶ 10.

{¶ 21} The same day as his plea and sentencing hearing, Conard signed a plea form, which included a waiver of his right to counsel. The form indicated that he was waiving his right to an attorney with an understanding of the effect of a guilty plea, the nature of his offense, the maximum penalty that could be imposed, the constitutional

rights that he was waiving by entering a guilty plea, and his right to have an attorney appointed for him if he could not afford one. However, the record does not indicate when the form was signed, and the trial court's statements to Conard reflect that he had not signed the form before the court began to review it with him. Nothing in the plea and sentencing hearing transcript reflects that Conard signed the form during the hearing, and Conard could not validly waive his right to counsel after the plea and sentencing hearing concluded. Moreover, absent an adequate dialogue regarding the waiver of counsel, a written waiver is not sufficient to establish a valid waiver. *State v. Albert*, 2d Dist. Montgomery No. 23148, 2010-Ohio-110, ¶ 45.

{¶ 22} Upon review of the record, the totality of the circumstances reflects that Conard did not knowingly, intelligently, and voluntarily waived his right to counsel prior to entering his plea. His assignment of error is sustained.

{¶ 23} We turn to the remedy for Conard's uncounseled conviction on a petty offense. This and other Ohio appellate districts have held that the remedy is to vacate the term of incarceration, including any suspended sentence. *See, e.g, State v. Davis*, 2d Dist. Montgomery No. 23248, 2009-Ohio-4786, ¶ 41; *State v. Owens*, 2d Dist. Montgomery No. 23150, 2010-Ohio-564, ¶ 35; *Lewis*, 2017-Ohio-9311, 102 N.E.3d 1169, at ¶ 10. We have explained that, while the failure to obtain a valid waiver of counsel as required by Crim.R. 44(B) affects the trial court's ability to impose a sentence of confinement, it does not affect the validity of a defendant's pleas or its findings on those pleas. *State v. Lanton*, 2d Dist. Greene No. 2002-CA-124, 2003-Ohio-4715, ¶ 23. Rather, the conviction remains valid. *State v. Estridge*, 2d Dist. Miami No. 2021-CA-25,

2022-Ohio-208, ¶ 9; *Owens* at ¶ 30. *See State v. Wellman*, 37 Ohio St.2d 162, 309 N.E.2d 915 (1974) ("Absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."), following *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

**{¶ 24}** We note that several appellate districts have concluded, based on *State v. Bode*, 144 Ohio St.3d 155, 2015-Ohio-1519, 41 N.E.3d 1156, that this approach is no longer correct. They hold that the conviction itself is defective and must be reversed. *E.g., Euclid v. Hedge*, 8th Dist. Cuyahoga No. 110473, 2022-Ohio-464, ¶ 27; *State v. Ott*, 9th Dist. Summit No. 27953, 2017-Ohio-521, ¶ 8*; State v. Wamsley*, 2016-Ohio-2885, 64 N.E.3d 489 (5th Dist.).

**{¶ 25}** In *Bode*, the Ohio Supreme Court addressed whether the State could use an uncounseled juvenile adjudication of delinquency under R.C. 4511.19(G)(1)(d) (OVI) to enhance the penalty for a later offense. *Bode* at ¶ 1. The supreme court held that the adjudication could not be used to enhance the penalty for a later offense when the adjudication carried the possibility of confinement, the adjudication was uncounseled, and there was no effective waiver of the right to counsel. *Id.* at ¶ 9. In doing so, the court extended the rule announced in *Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, which stated that "[a]n uncounseled conviction cannot be used to enhance the penalty for a later conviction if the earlier conviction resulted in a sentence of confinement." *Brooke* at ¶ 12. *Brooke* reasoned that "[a] conviction obtained against a defendant who is without counsel, or its corollary, an uncounseled conviction obtained

without a valid waiver of the right to counsel, has been recognized as constitutionally infirm." *Id.* at ¶ 9. Applying *Brooke* to juvenile adjudications, *Bode* emphasized that the *possibility* of confinement, not a sentence of confinement, determines whether counsel is necessary in a particular case. *Bode* at ¶ 24. In light of *Bode*, the Fifth, Eighth, and Ninth Districts have held that reversal of a defendant's conviction for a petty offense is required where no valid waiver of counsel had occurred.

{¶ 26} Neither Conard nor the State addresses the appropriate remedy in this case. Since *Brooke* and *Bode*, this court has continued to hold that the appropriate remedy is vacation of the term of incarceration. We decline to reconsider our position in this case. Conard's conviction is affirmed, but his sentence must be modified to remove the 150-day jail term. We recognize that this remedy is a pyrrhic victory, as Conard has already been released.

### III. Conclusion

{¶ 27} The trial court's judgment will be affirmed as modified.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.