[Cite as *State v. Hake*, 2026-Ohio-2308.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. Nos. 30472; 30473 |
| Appellee | : | |
| | : | Trial Court Case Nos. CRB 2101474; |
| v. | : | CRB 2300153 |
| | : | |
| NATHAN W. HAKE | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on June 18, 2026, the judgments of the trial court are affirmed in part, reversed in part, and remanded for further proceedings consistent with the opinion.

Costs to be paid as follows: 25% by appellee and 75% by appellant.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

MICHAEL L. TUCKER, JUDGE

EPLEY, J., and HANSEMAN, J., concur.

LUCAS W. WILDER, Attorney for Appellant
CYNTHIA P. MCNAMEE, Attorney for Appellee

TUCKER, J.

{¶ 1} Nathan Hake appeals from his convictions in the Vandalia Municipal Court on misdemeanor charges of knowingly failing or refusing to file Englewood city income tax returns in two consolidated cases.

{¶ 2} Hake contends the trial court erred by denying his request for a continuance, failing to obtain a valid waiver of his right to counsel, and reserving ruling on his Crim.R. 29 motion during trial. He also challenges the legal sufficiency and manifest weight of the evidence to sustain his convictions, alleges that hearsay testimony about an unauthenticated document was permitted at trial, and claims a prosecution witness was allowed to remain in the courtroom despite a separation-of-witnesses order. Finally, Hake contends the trial court violated Crim.R. 43 by sentencing him in his absence.

{¶ 3} For the reasons set forth below, we agree that the trial court violated Crim.R. 43 by imposing sentence without Hake present but find no merit in his other arguments. Accordingly, the trial court's judgments are affirmed in part and reversed in part, and the two cases are remanded for resentencing.

**I. Background**

{¶ 4} In Case No. CRB 2101474, Hake was charged with knowingly failing or refusing to file a municipal income tax return for tax year 2019 in violation of Englewood Codified Ordinances ("E.C.O.") section 881.091. In Case No. CRB 2300153, he was charged with the same violation for tax year 2020. Both offenses were fourth-degree misdemeanors.

{¶ 5} The two cases were tried together before a magistrate on July 31, 2024, with Hake representing himself. After hearing the evidence, the magistrate took the matter under advisement and filed a September 26, 2024 decision finding that the prosecutor had proven both violations beyond a reasonable doubt. The magistrate adopted proposed findings of fact and conclusions of law that had been submitted by the city. The magistrate recommended findings of guilt with a $250 fine and a five-day jail sentence in each case to be served consecutively.

{¶ 6} Hake filed lengthy pro se objections to the magistrate's decision along with a request for a transcript of the proceedings. The trial court responded by advising him that it was his responsibility to obtain and file a transcript and granting him 30 days to obtain one. The trial court cautioned that his failure to file a transcript "may cause the court to rule on the objections as if no transcript had been ordered." Five months later, the trial court filed a decision and entry noting that no transcript had been filed and overruling Hake's objections. Without a transcript, the trial court limited its review to the magistrate's conclusions of law. Based on the facts found by the magistrate, the trial court determined that the magistrate had correctly applied the law. It overruled Hake's objections and adopted the magistrate's findings of fact and conclusions of law. The trial court filed final judgment entries in both cases finding Hake guilty. It imposed a $250 fine plus court costs and a five-day jail sentence in each case. The trial court ordered the two sentences to be served consecutively, but it suspended the jail terms on condition that Hake pay the tax assessments and penalties for tax years 2019 and 2020 within 30 days. Hake appealed and moved for a stay of execution of sentence in the trial court in both cases. The record contains no ruling by the trial court on the stay requests.

3

{¶ 7} At the time of his appeals, Hake was incarcerated at London Correctional Institution for unrelated offenses. Noting that he appeared to be indigent at the time of his appeals, we appointed counsel to represent him and authorized the preparation of a transcript at the State's expense. We also consolidated the two cases for appeal. Appointed appellate counsel subsequently filed a transcript of the proceedings before the magistrate, and the consolidated appeals have been briefed. Hake advances seven assignments of error addressing the issues referenced above.

## II. Analysis

{¶ 8} As a preliminary matter, the parties disagree about whether Hake's appeals from his convictions for violating E.C.O. 881.091 are moot. He contends the appeals are not moot because he requested a stay in the trial court. While admitting that he has served his aggregate 10-day jail sentence, he further asserts that he has not paid the $250 fine imposed in each case. Finally, he alleges the existence of collateral disabilities because he still owes the Englewood taxes assessed for tax years 2019 and 2020. For its part, the State claims both appeals must be dismissed because the trial court never ruled on Hake's stay motion, he did not request a stay in this court, he voluntarily completed his sentences, and no collateral consequences flow from the misdemeanor convictions.

{¶ 9} When a defendant convicted of a misdemeanor offense voluntarily completes his sentence, an appeal of the conviction is moot unless he presents evidence of collateral consequences or a loss of civil rights stemming from the conviction. *City of Cleveland Hts. v. Lewis*, 2011-Ohio-2673, ¶ 18-19. Contesting charges at trial, moving for a stay in the trial court, and seeking appellate review all demonstrate that a sentence is not being served voluntarily and that a defendant does not acquiesce in the judgment. *Id*. at ¶ 23. A collateral disability exists when an offender "may be subject to further penalties or disabilities under

4

state or federal law even after a judgment has been satisfied." *In re S.J.K*. 2007-Ohio-2621, ¶ 10.

{¶ 10} Here we find mootness inapplicable for at least three independent reasons. First, Hake contested the charges at trial, sought a stay in the trial court, and sought appellate review, thereby indicating that he was not serving his sentences voluntarily. Second, nothing in the record establishes that he completed his sentences. Although he admittedly served his jail terms, Hake claims he did not yet pay the fines. Nothing in the record indicates otherwise. Third, because of the trial court's judgments, Hake appears to be liable to Englewood for substantial unpaid municipal taxes. Therefore, he has shown an ongoing collateral consequence of the convictions apart from his sentences.

{¶ 11} Before turning to the merits of Hake's appeals, we must next address his failure to support his objections to the magistrate's decision with a transcript. Under Vand. R. 5.01, the party objecting to a magistrate's decision must follow Crim.R. 19. According to Crim.R. 19(D)(3)(b)(iii), an objection to a magistrate's factual finding, "whether or not specifically designated as a finding of fact . . . , shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Crim.R. 19(D)(3)(b)(iii) further provides that the objecting party is responsible for filing a transcript and that "[w]ith leave of court, alternative technology or manner of reviewing the relevant evidence may be considered." In cases initially heard by a magistrate, App.R. 9(C) and (D) additionally provide that if an assignment of error relates to a factual finding, the record on appeal shall include a transcript or an affidavit of the evidence "previously filed with the trial court as set forth in . . . Crim.R. 19(D)(3)(b)(iii)."

{¶ 12} Under Vand. R. 9.01, a party requesting a transcript must pay for it. *See also* R.C. 2301.24 (requiring the party for whose benefit a transcript is prepared to pay for it but

5

providing an exception for indigent defendants). Although an indigent defendant generally may obtain a transcript at the State's expense, nothing in the record indicates that Hake was indigent, or even claimed indigency, in the proceedings below. The record contains evidence that he had income of $68,642 in tax year 2019 and $185,508 in tax year 2020 while residing in a house in Brookville. Regardless of his financial status, Hake unquestionably failed to file a transcript of the evidence submitted to the magistrate despite the availability of one. He also did not obtain leave of the trial court to rely on alternative technology.

{¶ 13} Given that the trial court reviewed Hake's objections without the benefit of a transcript, we may not consider the transcript that he has filed in connection with this appeal. We are not permitted to review trial testimony that was not before the trial court when it ruled on the objections. Because the trial court was required to accept the magistrate's factual findings as correct, we must do the same. *Compare Christoff v. Am. Airlines, Inc.*, 2024-Ohio-4810, ¶ 12 (2d Dist.) (reaching the same conclusion in a civil case and holding that "[w]hen the trial court's judgment was made without the benefit of a transcript or affidavit, an appellate court only considers whether the trial court correctly applied the law to the facts as set forth in the magistrate's decision"). Without an admissible transcript of the proceedings before the magistrate, we must presume regularity unless the limited record affirmatively demonstrates error.

{¶ 14} With these limitations in mind, we turn to Hake's first assignment of error, which states:

**The trial court abused its discretion when it denied Mr. Hake's request for a continuance.**

6

{¶ 15} Hake contends that the denial of continuance requests he made one week before trial and again when the proceedings before the magistrate commenced constituted an abuse of discretion.

{¶ 16} Lacking a record of what occurred when Hake orally requested a continuance on the day of his trial, we have no basis for finding error. As for his written motion for a continuance a week earlier on July 24, 2024, we see no abuse of discretion in denying a continuance so close to the trial date. The two misdemeanor cases had been filed in July 2021 and January 2023. While the written continuance motion cited a need for discovery, the record reflects that Hake did not even seek discovery until July 24, 2024, the same day he sought a continuance. The magistrate's entry denying his motion noted that the first misdemeanor case had been pending for three years. Under these circumstances, we see no abuse of discretion. The first assignment of error is overruled.

{¶ 17} The second assignment of error states:

**The trial court did not sufficiently inquire whether Mr. Hake's waiver of counsel was intelligently made.**

{¶ 18} Hake contends the magistrate failed to obtain a valid waiver of his right to counsel at the outset of his bench trial. In support, he cites a transcript of his discussion with the magistrate. As noted above, however, we cannot consider the transcript because he did not provide it to the trial court with his objections. Having no proper record of the proceedings before the magistrate, we must presume regularity. We note too that the charges against Hake were fourth-degree misdemeanors, which qualify as petty offenses. *State v. Wilcoxson*, 2021-Ohio-4339, ¶ 31 (2d Dist.). If a defendant is convicted of a petty offense without a valid waiver of counsel, any jail sentence must be vacated, but the conviction itself remains valid. *State v. Conard*, 2024-Ohio-1906, ¶ 23 (2d Dist.). Here Hake admittedly

7

already served his jail sentences, meaning there is no practical relief he could obtain even if his assignment of error had merit. In any event, we cannot review the validity of his waiver of counsel without a transcript. Accordingly, the second assignment of error is overruled.

{¶ 19} The third assignment of error states:

**The trial court erred by reserving its ruling, and ultimately denying, Mr. Hake's Rule 29 motion.**

{¶ 20} Hake asserts that the magistrate improperly reserved ruling on an oral Crim.R. 29 motion that he made at the close of the State's case. He argues that the plain language of the rule did not allow the magistrate to take the matter under advisement.

{¶ 21} Once again, we cannot evaluate Hake's argument without a transcript. Absent a record establishing what occurred, we must presume regularly. But even if we were to assume, arguendo, that Hake made a Crim.R. 29 motion and that the magistrate erroneously reserved ruling on it, he acknowledges that the error potentially could be harmless. Of course, we cannot make that determination either without being able to review a transcript of the evidence presented. Accordingly, the third assignment of error is overruled.

{¶ 22} The fourth assignment of error states:

**The verdict was not supported with the sufficiency of the evidence or the weight of the evidence.**

{¶ 23} Hake challenges the legal sufficiency and the manifest weight of the evidence to sustain his two convictions. Addressing these issues requires examining the evidence presented to the magistrate. Without a transcript of those proceedings, we cannot fully engage in that examination.

{¶ 24} The magistrate's adopted findings of fact included a determination that the city had contacted an Englewood business, Dynamic Machine Works, and had requested "tax

8

documentation for individuals that it compensated *for work performed within Englewood*." (Emphasis added). The company responded by providing the city with 1099 forms for Hake for tax years 2019 and 2020 reflecting compensation of $68,642 and $185,508 for those two years. The magistrate found that Hake claimed to have performed all work from his Brookville home but that he had not paid any Brookville income taxes.

{¶ 25} The magistrate's adopted conclusions of law included a citation to E.C.O. 881.011(b), which provides that Englewood may levy an income tax "on the income of every person residing in *or earning or receiving income in the municipal corporation*." (Emphasis added). The magistrate also referenced E.C.O. 881.091(a)(1), the ordinance Hake was accused of violating, which provides that "an annual return with respect to the income tax levied on Municipal taxable income by the Municipality shall be completed and filed by every taxpayer for any taxable year for which the taxpayer is subject to the tax, regardless of whether or not income tax is due." The magistrate determined that Hake had violated E.C.O. 881.091(a)(1) by knowingly failing to file Englewood income tax returns for tax years 2019 and 2020 when he had performed work in the municipality during those years and had received the compensation referenced above.

{¶ 26} In connection with his manifest-weight and legal-sufficiency challenges, Hake claims he could not be convicted without evidence that he was able to pay the taxes. As noted above, however, he was convicted of violating E.C.O. 881.091 by knowingly failing *to file* Englewood income tax returns for tax years 2019 and 2020. We recognize that the misdemeanor complaints alleged that he "did knowingly fail or refuse to pay municipal tax returns" in violation of E.C.O. 881.091. Of course, a person does not "pay" tax returns. A person "files" tax returns and "pays" taxes.

9

{¶ 27} Despite the inartful phrasing of the complaints, the magistrate's adopted conclusions of law found Hake guilty of "knowingly failing to file municipal income tax returns" in violation of E.C.O. 881.091(a)(1). For its part, the trial court overruled Hake's objections and adopted the magistrate's conclusions of law, which included the findings of guilt for knowingly failing to file income tax returns. The trial court's separate judgment entry of conviction noted that Hake had been found guilty on two counts of "Return and Payment of Tax in violation of Code of Ordinance of Englewood, Ohio section 881.091." But this reference to "Return and Payment of Tax" was nothing more than a recitation of the title of section 881.091 of Englewood's tax code. Because Hake was convicted of failing to file municipal tax returns, it matters not whether he had the ability to pay the taxes. In any event, assessing his ability to pay would require reviewing the evidence, which we cannot do without a transcript.

{¶ 28} Hake also asserts that the city improperly converted him into a resident taxpayer by preparing tax returns for him. He reasons that 2019 and 2020 tax returns prepared by the city and not signed by him did not constitute legally sufficient evidence to convict him under E.C.O. 881.091. Based on exhibits in the record, however, it appears that the city prepared the returns using the 1099 forms obtained from Dynamic Machine Works to create assessments establishing Hake's tax obligation. His convictions were not based on his place of residence or unsigned tax returns prepared by the city. Rather, his convictions appear to have been based on evidence establishing that he had not filed Englewood tax returns despite earning or receiving income in the municipality.

{¶ 29} Finally, Hake notes that the caption of the complaint in Case No. 2101474 identified him as the defendant, but the body of the complaint referred to someone else as the defendant. He asserts that this error rendered the complaint defective and that it was

10

not corrected at trial. We do not know whether the error was corrected at trial, however, because we cannot review the transcript. Regardless, an obvious error in the body of Hake's complaint did not affect the legal sufficiency or the manifest weight of the State's evidence to sustain his conviction. The complaint was filed on July 21, 2021, three years before Hake's trial. If the error had caused any confusion, he could have raised the issue and had it corrected long before trial. It is apparent that he was not misled or prejudiced by the complaint's obviously mistaken reference to a person who was not involved in his case.

{¶ 30} Based on the limited record before us, we find no basis for concluding that Hake's convictions are not supported by legally sufficient evidence or that they are against the manifest weight of the evidence. The fourth assignment of error is overruled.

{¶ 31} The fifth assignment of error states:

**Mr. Hake was denied the right to a fair trial when the court allowed the City to introduce, and allow[ed] Mr. Wilges to testify about, the form from Dynamic Machine Works, LLC.**

{¶ 32} Hake contends the magistrate erred in admitting into evidence the 1099 forms the city obtained from Dynamic Machine Works and in allowing a city employee, Travis Wilges, to testify about them. Hake asserts that the forms were not authenticated and that they constituted inadmissible hearsay. In response, the State claims Hake did not object to the forms or Wilges' testimony. Moreover, the State maintains that the forms were authenticated and were admissible as business records. Without a transcript, we cannot resolve the evidentiary issue or determine whether the evidence properly was admitted. Having no record of what occurred, we must presume regularity. The fifth assignment of error is overruled.

{¶ 33} The sixth assignment of error states:

**The trial court erred and violated Mr. Hake's rights when it allowed Travis**

**Wilges to remain in the courtroom.**

{¶ 34} Hake argues that the magistrate erred in allowing Wilges, a prosecution witness, to remain in the courtroom despite a separation-of-witnesses order. The State responds by asserting, among other things, that Wilges was designated as the State's representative and, therefore, that he properly remained in the courtroom. Once again, we cannot determine whether the trial court erred, or whether Hake was prejudiced by any error regarding a separation of witnesses, without a transcript. Accordingly, we overrule the sixth assignment of error.

{¶ 35} The seventh assignment of error states:

**The trial court committed error and violated Mr. Hake's rights when it**

**sentenced him without him being present.**

{¶ 36} Hake contends the trial court erred in imposing his sentence in his absence. He asserts that Crim.R. 43 gave him the right to be present at sentencing. He requests a remand for resentencing in compliance with the rule.

{¶ 37} The State claims that Hake waived all but plain error by failing to raise the foregoing issue in his objections to the magistrate's decision. The State also asserts that case law Hake cites involves Crim.R. 32(A), which addresses allocution, rather than Crim.R. 43. Finally, the State insists that Hake had an opportunity to make sentencing-related arguments in proposed findings of fact and conclusions of law prior to the magistrate's decision, rendering any violation of Crim.R. 43 harmless.

{¶ 38} Upon review, we find Hake's seventh assignment of error to be persuasive. Under Crim.R. 43, a defendant has a right to be present for sentencing, either physically or

12

remotely with proper arrangements. In misdemeanor cases tried by a magistrate, the magistrate merely recommends a penalty to be imposed. The trial court "may adopt a sentence the magistrate recommended without the defendant then being present" provided that the defendant was "present before the magistrate when the magistrate pronounced the sentence recommended to the court." *State v. Gilreath*, 2007-Ohio-6899, ¶ 31 (2d Dist.). "If that did not occur, the defendant must be before the court when it imposes a sentence by adopting or modifying the magistrate's recommendation." *Id*.

{¶ 39} A defendant's absence from sentencing in violation of Crim.R. 43 can constitute harmless error if no prejudice exists. *State v. Isa*, 2017-Ohio-8335, ¶ 20 (2d Dist.). The harmless-error rule, Crim.R. 52(A), provides that "any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Under this standard, the State must demonstrate that an error did not affect the defendant's substantial rights. *State v. Gillilan*, 2023-Ohio-325, ¶ 11 (2d Dist.), citing *State v. Perry*, 2004-Ohio-297, ¶ 15.

{¶ 40} Here the magistrate did not pronounce Hake's recommended sentence in open court with him present. Instead, the magistrate included the recommended sentence in a written decision filed after his trial. Thereafter, the trial court violated Crim.R. 43 by adopting the magistrate's decision and filing a judgment entry imposing Hake's sentence in his absence. Contrary to the State's argument, we are unpersuaded that Hake waived all but plain error related to Crim.R. 43 by failing to raise the issue in his objections to the magistrate's decision. As we explained in *Gilreath*, Crim.R. 43 required Hake to be sentenced in the presence of either the magistrate or the trial court. Thus, when Hake filed his objections, no objectionable error had yet occurred because the trial court still could have complied with the rule by sentencing him in person.

**{¶ 41}** As for the State's other assertions, Hake's citation to *State v. Yates*, 2011-Ohio-3619 (2d Dist.), which involves the right to allocution, does not render his substantive argument meritless. Contrary to the State's assertion, the right to allocution is not "entirely distinct from the physical presence requirement under Crim.R. 43." An obvious reason for the physical presence requirement is to enable a defendant to exercise his Crim.R. 32(A) right to allocution. We also are unpersuaded by the State's claim that the Crim.R. 43 violation was harmless because Hake could have raised sentencing-related issues in his proposed findings of fact and conclusions of law prior to the magistrate's decision. When Hake filed those proposed findings of fact and conclusions of law, he had a right to expect that either the magistrate or the trial court would comply with Crim.R. 43 by sentencing him in person and giving him an opportunity to speak in mitigation of his sentence at that time.

**{¶ 42}** Finally, we recognize that Hake admittedly has served his aggregate 10-day jail sentence, but the record contains no evidence indicating that he has paid the $250 fine and court costs imposed in each of the two cases. We do not know, of course, what he might say in mitigation of the fine or court costs if given an opportunity to be sentenced in person. Regardless, he is not required to present such evidence on appeal to establish that the trial court's error was not harmless. *State v. Jackson*, 2016-Ohio-8127, ¶ 16 (involving a violation of the right to allocution). Considering that Hake did not appear in person for sentencing before the magistrate or the trial court and that he never made any form of sentencing-related statement below, the State has not met its burden of establishing harmless error. The seventh assignment of error is sustained.

### III. Conclusion

**{¶ 43}** Having sustained Hake's seventh assignment of error, we reverse the trial court's judgment in Case No. CRB 2101474 and Case No. CRB 2300153, vacate his

14

sentence in both cases, and remand both cases to the trial court for resentencing. In all other respects, the trial court's judgments are affirmed.

. . . . . . . . . . . . .

EPLEY, J., and HANSEMAN, J., concur.